### SCOGGINS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 27, 1919.)

#### No. 4871.

1. INTOXICATING LIQUORS ⊙⊐146(1)—"SALE"—WHAT IS.

A "sale" is a contract for the transfer of property from one person to another for a valuable consideration, and to constitute a sale of whisky there must be the assent of two parties (quoting Words and Phrases, Sale).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sale.]

2. INTOXICATING LIQUORS ⊙⊐224—PRESUMPTIONS.

Where an alleged sale of intoxicants was in violation of law, there is a presumption that defendant did not make the sale, and the government must prove the sale beyond a reasonable doubt.

3. CRIMINAL LAW ⊙⊐562—TRIAL—CONVICTION.

Evidence that is as consistent with innocence as with guilt is insufficient to sustain a conviction.

4. INTERNAL REVENUE ⊙⊐47—SALE—EVIDENCE.

In a prosecution, under Comp. St. §§ 5971, 5973, for selling whisky in less quantities than five wine gallons without paying a tax as a retail liquor dealer, evidence held insufficient to show the sale and sustain a conviction.

Smith, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge:

---

⊙⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Arthur Scoggins was convicted under Comp. St. §§ 5971, 5973, of selling whisky in less quantities than five wine gallons without paying the tax as a retail liquor dealer, and he brings error. Reversed and remanded, with directions to grant new trial.

Gardner K. Oliphint, of Little Rock, Ark. (James E. Hogue, Douglas Heard and Edward B. Downie, all of Little Rock, Ark., on the brief), for plaintiff in error.

W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark. (W. H. Martin, U. S. Atty., of Hot Springs, Ark., on the brief), for the United States.

Before SANBORN, HOOK, and SMITH, Circuit Judges.

SANBORN, Circuit Judge. The defendant below was indicted and convicted of selling whisky in less quantities than five wine gallons at the same time without paying a tax as a retail liquor dealer. Sections 5971 and 5973, 6 U. S. Compiled Statutes 1916 Annotated. He complains that the court refused to instruct the jury to return a verdict in his favor at the close of the evidence. The United States introduced testimony to the effect that the defendant received whisky in packages regularly up to November, 1915; that in that month he received two packages, one marked 24 pints, consigned to Jack McGee, and the other consigned to J. Burke; that these packages were delivered in an old outhouse where a German used to crate eggs; and that prior to the delivery of these packages the defendant had received other packages of like character, consigned to himself. The United States called as a witness one McDaniel, who testified that he purchased one bottle of whisky of the defendant in November, 1915, on a Saturday night; that he did not give him the money, but told him he would see him Tuesday; that on Tuesday he offered him his money, but the defendant said he was not selling whisky and refused to take it; and that meanwhile the defendant had been arrested. Being asked how he got the whisky, this colloquy followed:

"A. I saw him on a side street, and took it out of his pocket, and told him I would see him Tuesday.

"Q. How come you to do that?  A. Well, I saw the whisky, and took it out of his pocket.

"Q. What did you say about paying him?  A. I told him I would see him Tuesday. * * * "

On cross-examination he testified, among other things, in this way:

"Q. Now, did you not put your arms around him and pull it out of his pocket?  A. Yes; I did.

"Q. You did not say anything to him about paying for it?  A. I did. I told him I would see him Tuesday."

There was no other testimony tending to show any sale of any whisky by the defendant, if, indeed, this so tends. The defendant testified that he never sold any whisky to McDaniel or to any other person; that one Saturday night he and McDaniel had been drinking earlier in the evening, and he met him again; that he had a little whisky in a bottle in his pocket; that McDaniel grabbed hold of him, took it out of his pocket, and commenced to drink it right on the sidewalk;

that he persuaded him to go into the alley, where they both took a drink; that he asked McDaniel to give the bottle back to him, but that he put it in his pocket; and that nothing was ever said between them about paying for it. The defendant and Mr. Burke testified that the package of whisky consigned to Burke was Burke's, and was not the defendant's; that Burke bought it, and paid $12 for it; that the defendant did not contribute to the purchase of it, and had no interest in it; that Burke gave him an order for it, and told him to take it out and take care of it for him. The defendant testified that he never received the package of whisky consigned to McGee, and that he never had any interest in it. Mr. Ernest Cook testified that McGee was his brother-in-law; that he and McGee occasionally bought whisky together, and had it consigned, sometimes to one of them, and sometimes to the other; that the package addressed to McGee was Cook's; that he told the express driver to deliver it to the defendant, but that it was in fact delivered to him (Cook). Mr. Burke and Mr. Cook both testified that McDaniel told them that he never bought any whisky of the defendant. There was no other substantial evidence in this case, and upon the testimony which has been recited the jury and the court below have founded a judgment against the defendant, and a sentence against him of a fine of $100 and imprisonment for a year and a day.

[1-4] But it is indispensable to the maintenance of this verdict and judgment that there should have been substantial evidence of a sale or of an offer to sell some of the whisky by the defendant.

"A sale is a contract for the transfer of property from one person to another for a valuable consideration." 7 Words and Phrases, "Sale," pp. 6291, 6292.

"To constitute such a sale, there must be the assent of the two parties; there must be a vendor and a vendee. But no words need be proved to have been spoken. A sale may be inferred from the acts of the parties, and no disguise which the parties may attempt to throw over the transaction, with a view of evading the penalty of the law, can avail them, if in truth such sale is found to have taken place." Commonwealth v. Thayer, 49 Mass. (8 Metc.) 525, 526.

But one party cannot make a contract of sale. No such contract can be made without assent of the minds of two parties at the same time to the sale and to the terms of the sale, to the subject-matter and the consideration of the sale; and as the alleged contract here was illegal, and its making criminal, the legal presumption was that the defendant did not make it, and this presumption prevailed until he was proved to have done so beyond a reasonable doubt. The burden was upon the government to make this proof, and evidence that is as consistent with innocence as with guilt is insufficient to sustain a conviction. Our search for substantial evidence in this record that the defendant ever consented to sell any whisky to McDaniel has been in vain. The latter's testimony goes no further than this: That he saw the defendant on a side street on a Saturday night; that he put his arms around him and took a bottle of whisky out of the defendant's pocket; that he told him he would see him Tuesday; that he offered to pay him something on that day, and the defendant refused to take

the money. The statement in his testimony that he bought the whisky and that he said something about paying for it, to wit, that he would see the defendant Tuesday, are nothing but his inferences from what he testified was said and done on that Saturday night, and they are immaterial. There is no evidence here that the defendant ever consented to the taking of the whisky by McDaniel; there is no evidence that he consented to receive any promise to pay any price or any consideration for the whisky; there is no evidence of the agreement of the minds of McDaniel and the defendant to the amount of the pretended price for it, or to any contract of any kind about it. Not only this, but the evidence is not only as consistent with the innocence of the defendant as with his guilt, as consistent with the conclusion that he did not consent to make a contract to sell the whisky as that he did, but it is more so. It is more consistent with the view that on that Saturday night McDaniel and the defendant were drinking together in a jovial mood; that such a thought as the selling of whisky to his companion never entered the mind of the defendant.

As there is no substantial evidence of the alleged sale, the judgment below must be reversed, and the case must be remanded to the court below, with directions to grant a new trial; and it is so ordered.

SMITH, Circuit Judge (dissenting). I find myself unable to concur in the foregoing opinion.

The defendant was indicted for selling liquor at retail without having first paid the special tax therefor as required by the United States statutes. The opinion says that:

"As the alleged contract here was illegal, and its making criminal, the legal presumption was that the defendant did not make it, and this presumption prevailed until he was proved to have done so beyond a reasonable doubt."

As I understand it, this case in no wise involved the legality of the sale, except coupled with the failure to pay the special tax as a retail liquor dealer, as required by the United States statutes. That the defendant at one time owned the liquor in question there can be no doubt. The witness McDaniel got the liquor from the possession of the defendant and consumed it. He either bought it or stole it. He testified that he purchased the bottle one Saturday night, and told the defendant he would see him Tuesday. Before Tuesday the defendant had been arrested. On Tuesday he was offered the money for the whisky, and then defendant said he was not selling whisky. The opinion says:

"To constitute such a sale, there must be the assent of the two parties; there must be a vendor and a vendee. But no words need be proved to have been spoken. A sale may be inferred from the acts of the parties, and no disguise which the parties may attempt to throw over the transaction, with a view of evading the penalty of the law, can avail them, if in truth such sale is found to have taken place."

If this were a case against McDaniel, and he had been convicted of larceny of this liquor, I should unhesitatingly say that the conviction should be reversed; that, so far from there being any evidence of larceny, the evidence quite conclusively showed the acquiescence of

Scoggins in the acquirement of the liquor by McDaniel; and, if that is the way I should feel about a conviction of larceny of McDaniel, I see no reason why I should not feel that a conviction of the defendant should be affirmed.

If the defendant acquiesced in the acquirement of this liquor by McDaniel, he was guilty of the offense charged, and this judgment should be affirmed. If he did not so acquiesce, McDaniel stole the liquor; and I think neither one of my associates would claim there was sufficient evidence of that fact. The whole question of how McDaniel acquired the liquor was submitted to the jury, and no exception was taken to any of the instructions, and the jury found that Scoggins sold the bottle of liquor to McDaniel.

Manifestly, from my viewpoint, this case ought to be affirmed upon the authorities and the reasoning of the opinion.