## BRYAN *v.* UNITED STATES.

No. 178. Argued December 13–14, 1949.—Decided January 16, 1950.

*Carl J. Batter* argued the cause for petitioner. With him on the brief was *Alston Cockrell.*

*Melva M. Graney* argued the cause for the United States. With her on the brief were *Solicitor General Perlman, Assistant Attorney General Caudle, James M. McInerney, Ellis N. Slack* and *Fred G. Folsom.*

MR. JUSTICE MINTON delivered the opinion of the Court.

The important question presented upon this record is whether the Court of Appeals, when it reverses the District Court because the evidence is not sufficient to sustain a conviction, may direct a new trial where a defendant had made all proper and timely motions for acquittal in the District Court.

Petitioner was convicted upon two counts of an attempt to evade the income-tax laws and sentenced to two years' imprisonment on one count and to pay a fine of ten thousand dollars on the other. At the close of the Government's case petitioner moved for a judgment of acquittal, and the motion was renewed at the conclusion of all the evidence. A verdict of guilty was returned, and within five days petitioner made a further motion for judgment of acquittal or in the alternative for a new trial. These motions were all denied. On appeal to the Court of Appeals, the judgment was reversed because the evidence was insufficient to sustain the verdict. 175

F. 2d 223. The Court of Appeals remanded with directions to the District Court to grant a new trial. Petitioner moved the Court of Appeals to amend the judgment to "conform to Rule 29 (a) of Federal Rules of Criminal Procedure," alleging that a judgment of acquittal should have been entered. This motion was denied.

We granted certiorari to examine the power of the Court of Appeals to grant a new trial under the circumstances of this case. 338 U. S. 813.

The extent of the power of federal appellate courts to enter judgment when reversing and remanding cases arising in the lower federal courts has been defined by statutes from the inception of our system of courts. By the Judiciary Act of September 24, 1789, 1 Stat. 85, the Supreme Court was given statutory authority, upon review of a District Court judgment, to order such further proceedings "as the district court should have rendered or passed." See *Ballew* v. *United States,* 160 U. S. 187, 198–99. In 1872 power was given this Court to "direct such judgment, decree, or order to be rendered, or such further proceedings to be had by the inferior court as the justice of the case may require." 17 Stat. 196–97. Our authority to render judgment "as the justice of the case may require" was continued in those terms until the revision of the Judicial Code in 1948. R. S. § 701, Old Title 28 U. S. C. § 876. This authority was exercised by remanding for a new trial where, on writ of error to a District Court, the judgment was reversed on the ground that the evidence was not sufficient to sustain the verdict. *Wiborg* v. *United States,* 163 U. S. 632. Likewise in *Clyatt* v. *United States,* 197 U. S. 207, on writ of certiorari to the Court of Appeals for the Fifth Circuit, a new trial was directed where the evidence was held to be insufficient to sustain the conviction. On a similar ground this Court reversed a judg-

ment and directed that the defendants be discharged. *France* v. *United States,* 164 U. S. 676.

The authority and practice of the Courts of Appeals have been roughly parallel to those of this Court. When the Circuit Courts of Appeals were established in 1891, it was provided that upon reversal by such courts the "cause shall be remanded to the . . . district court for further proceedings to be there taken in pursuance of such determination." 26 Stat. 829, 28 U. S. C. § 877.[1] Under this provision the Circuit Courts of Appeals have reversed for insufficiency of the evidence to sustain the verdict and remanded for a new trial in numerous cases, although a verdict should have been directed for the defendant by the District Court. First Circuit: *Enrique Rivera* v. *United States,* 57 F. 2d 816; Third Circuit: *United States* v. *Di Genova,* 134 F. 2d 466; *United States* v. *Russo,* 123 F. 2d 420; *Ridenour* v. *United States,* 14 F. 2d 888; Eighth Circuit: *Pines* v. *United States,* 123 F. 2d 825; *Scoggins* v. *United States,* 255 F. 825; Ninth Circuit: *Buhler* v. *United States,* 33 F. 2d 382; Tenth Circuit: *Leslie* v. *United States,* 43 F. 2d 288. Under the same

---

[1] The succeeding section provided that existing methods of review should regulate the system of appeals and writs of error in the Circuit Courts of Appeals and that the judges of the new courts were to have "the same powers and duties as to the allowance of appeals or writs of error, and the conditions of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States . . . ." 26 Stat. 829.. Although in terms this latter section dealt only with the conditions under which appeals or writs of error would be permitted, it was construed by some courts as making 28 U. S. C. § 876, relating to the appellate power of the Supreme Court, applicable to the Circuit Courts of Appeals. *Farrar* v. *Wheeler,* 145 F. 482, 486–87; *Whitworth* v. *United States,* 114 F. 302, 305; *Standard Co.* v. *Crane Elevator Co.,* 76 F. 767, 775. Cf. *Realty Corp.* v. *Montgomery,* 284 U. S. 547, 550; *Ballew* v. *United States,* 160 U. S. 187, 201–202; *Equitable Life Assur. Soc.* v. *Mercantile Co.,* 143 F. 2d 397, 405; *United States* v. *Illinois Surety Co.,* 226 F. 653, 664.

statutory authority [2] several Circuit Courts of Appeals have directed the discharge of the defendant or the dismissal of the indictment when reversing for insufficiency of the evidence. Second Circuit: *United States* v. *Bonanzi,* 94 F. 2d 570; *Romano* v. *United States,* 9 F. 2d 522; Sixth Circuit: *Cemonte* v. *United States,* 89 F. 2d 362; Ninth Circuit: *Klee* v. *United States,* 53 F. 2d 58. Since the Federal Rules of Criminal Procedure went into effect on March 21, 1946, three Circuit Courts of Appeals have entered a judgment of acquittal upon reversing for insufficiency of the evidence, relying at least in part on Rule 29.[3] Third Circuit: *United States* v. *Bozza,* 155 F.

---

[2] Section 877 authorized the Supreme Court on direct appeal or otherwise from the District Court to order the cause remanded to the proper District Court for "further proceedings to be taken in pursuance of such determination." On appeal or otherwise to the Supreme Court from the Circuit Courts of Appeals, after review and determination, the cause "shall be remanded by the Supreme Court to the proper district court for further proceedings in pursuance of such determination." On appeal or otherwise in a cause coming to the Circuit Court of Appeals from the District Court for review and determination, in which the decision of the Circuit Court of Appeals is final, "such cause shall be remanded to the said district court for further proceedings to be there taken in pursuance of such determination." It may be noted that the language giving authority to the Supreme Court to remand a proceeding brought to the Court from the Circuit Court of Appeals did not contain the words "to be taken" as in the case of the direct proceedings from the District Court. In proceedings from the District Court to the Circuit Court of Appeals, the language was still different. There the remand was "for further proceedings to be there taken in pursuance of such determination." We have found no case which has noticed this discrepant language, although in the same section.

[3] "Rule 29. MOTION FOR ACQUITTAL.

"(a) MOTION FOR JUDGMENT OF ACQUITTAL. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient

2d 592; *United States* v. *Renee Ice Cream Co.*, 160 F.
2d 353; Seventh Circuit: *United States* v. *Gardner*, 171
F. 2d 753; Ninth Circuit: *Karn* v. *United States*, 158
F. 2d 568.[4]

When the Judicial Code was revised in 1948 the provisions of § 876 and § 877 relating to the power of this
Court and that of the Courts of Appeals on remand were
dovetailed into a single section, 28 U. S. C. § 2106,[5]
providing:

> "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside
> or reverse any judgment, decree, or order of a court
> lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such
> further proceedings to be had as may be just under
> the circumstances."

to sustain a conviction of such offense or offenses. If a defendant's
motion for judgment of acquittal at the close of the evidence offered
by the government is not granted, the defendant may offer evidence
without having reserved the right.

"(b) RESERVATION OF DECISION ON MOTION. If a motion for judgment of acquittal is made at the close of all the evidence, the court
may reserve decision on the motion, submit the case to the jury and
decide the motion either before the jury returns a verdict or after
it returns a verdict of guilty or is discharged without having returned
a verdict. If the motion is denied and the case is submitted to
the jury, the motion may be renewed within 5 days after the jury
is discharged and may include in the alternative a motion for a
new trial. If a verdict of guilty is returned the court may on such
motion set aside the verdict and order a new trial or enter judgment
of acquittal. If no verdict is returned the court may order a new
trial or enter judgment of acquittal." 327 U. S. 853.

[4] In the instant case the Court of Appeals for the Fifth Circuit
discussed but did not decide the applicability of Rule 29 to its judgments. The court was of the opinion that if the Rule applied it
authorized the court's direction of a new trial.

[5] 28 U. S. C. § 344, relevant to review of cases from state courts
by the Supreme Court, was also incorporated in § 2106.

Under this statute for the first time the power of the Supreme Court and the Courts of Appeals to enter judgment when remanding a case to the lower court is set out in identical language in a single section. That coextensive power is to direct "such appropriate judgment . . . as may be just under the circumstances." This language is at least as broad as the provisions of § 876 and § 877. As detailed above, this Court and the Courts of Appeals directed new trials as a matter of course under those sections.

It is petitioner's position that this previous authority has been abrogated by the advent of the Federal Rules of Criminal Procedure, especially Rule 29 (a) and (b).[6] Petitioner argues that the Court of Appeals must give the judgment that the trial court would have been required to award had it ruled correctly. Since the Government failed to make out a *prima facie* case, he claims that he is entitled to a judgment of acquittal because the trial court is required by Rule 29 to enter such judgment on proper motion where it finds the evidence insufficient to sustain a verdict. Petitioner contends in the alternative that Rule 29 applies to the Courts of Appeals, and that the Court of Appeals was itself compelled by the Rule to give a judgment of acquittal when it decided that the evidence was insufficient to sustain the conviction.

The Rules are entitled "Rules of Criminal Procedure for the United States District Courts." Rule 1 defines their scope, stating that "These rules govern the procedure in the courts of the United States." The Courts of Appeals are included in the list of courts specified in Rule 54 (a) (1) to which the Rules are to apply. It is obvious, nevertheless, that some of the rules are relevant only to preliminary proceedings or to procedure

[6] See note 3, *supra*.

prior to appeal. In our opinion Rule 29 is such a Rule, referring solely to the conduct of trials in the District Courts. It is there that the motion for judgment of acquittal is made. It is the office of the trial court to rule on the motion. We hold that the "court" referred to in Rule 29 is the District Court. Consequently the Rule does not affect, either to add to or to detract from, the power of Courts of Appeals when remanding a case to the District Court.

Of course the Court of Appeals must determine whether the Rule has been observed by the District Court. If it finds that the District Court has erred and has not properly applied the Rule, that is an error of law for which the Court of Appeals may reverse and remand. But when the Court of Appeals remands, Rule 29 does not control its directions to the District Court. The Court of Appeals must look to the statute defining its appellate power, 28 U. S. C. § 2106, for guidance as to the kind of order which it may direct the District Court to enter.

We thus reach the question of whether the direction of a new trial by the Court of Appeals was an "appropriate" judgment which was "just" under the circumstances and therefore authorized by § 2106, or whether, as petitioner contends, it was mandatory that the Court of Appeals enter a judgment of acquittal. Whether the direction of a judgment of acquittal or a remand to the District Court without direction by the Court of Appeals would meet those requirements is not before us.

As previously stated, the Courts of Appeals had often directed a new trial prior to the enactment of § 2106. The Court of Appeals apparently believed that justice was served by the granting of a new trial in this case. On the motion to amend its order of remand the court stated: "The majority thinking the defect in the evidence might be supplied on another trial directed that it be had." And one judge vigorously dissented from the original

opinion because he thought that the evidence amply supported the verdict.

A new trial was one of the remedies which petitioner sought. He properly gave the District Court an opportunity after verdict to correct its error in failing to sustain his motion for judgment of acquittal at the conclusion of all the evidence, which claimed error was assigned as a ground for a new trial. We agree that on this record the order for a new trial was a just and appropriate judgment which the Court of Appeals was authorized to enter by 28 U. S. C. § 2106.

Petitioner's contention that to require him to stand trial again would be to place him twice in jeopardy is not persuasive. He sought and obtained the reversal of his conviction, assigning a number of alleged errors on appeal, including denial of his motion for judgment of acquittal. ". . . where the accused successfully seeks review of a conviction, there is no double jeopardy upon a new trial." *Francis* v. *Resweber,* 329 U. S. 459, 462. See *Trono* v. *United States,* 199 U. S. 521, 533–34.

The judgment of the Court of Appeals is

*Affirmed.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

MR. JUSTICE BLACK and MR. JUSTICE REED would affirm with a modification of the judgment to remand to the District Court to decide whether a judgment of acquittal should be entered or a new trial ordered. In their opinion 28 U. S. C. § 2106 means that the order of an appellate court should be conformable to specific legal limitations. In this case such a limitation is found in Criminal Rule 29. Under that rule the determination as to whether to grant a new trial or to acquit rests with the District Court. See *Cone* v. *West Virginia Pulp & Paper Co.,* 330 U. S. 212.