**SPRIGGS v. UNITED STATES.**

No. 13258.

United States Court of Appeals
Ninth Circuit.

Sept. 3, 1952.

W. T. Choisser, Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., E. R. Thurman, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

BONE, Circuit Judge.

Our opinion in this case filed August 20, 1952 is hereby set aside and the following opinion is substituted.

Appellant was indicted on three counts of attempting to defeat and evade income tax in violation of 26 U.S.C.A. § 145(b). After receiving a Bill of Particulars concerning each count, appellant entered a plea of not guilty. Upon trial, appellant was acquitted on Counts I and II upon his motion for a directed verdict of acquittal. He was also acquitted upon portions of Count III. That portion of Count III upon which appellant was found guilty is found in the allegations contained in the appellee's response to appellant's motion for a bill of particulars:

"Depreciation overstated:

This item consists of the overstatement of depreciation by the defendant as the result of his having falsely represented the cost of his property located on Henshaw Road, Phoenix, Arizona, on which he claimed excessive depreciation in the amount of .................. $2,978.60."

As to this portion of Count III, appellant's motion for a judgment of acquittal

was denied, and the jury returned a verdict of guilty. Appellant thereafter filed motions for judgment notwithstanding the verdict and for a new trial, both of which were denied. This appeal followed.

At the trial the Government based its case upon the testimony of two Internal Revenue Agents (Arthur R. Beals and Lloyd M. Tucker), and the 1944, 1946, and 1947 income tax returns of Spriggs. On this appeal the questions presented relate to (1) the admissibility of certain statements made by appellant to the aforementioned agents, and (2) whether, if such statements were admissible, the evidence is sufficient to support the verdict and judgment of guilty.

In order to prove that appellant overstated depreciation on the Henshaw Road property, the government relied on (a) statements made by appellant and (b) financial statements which, according to the prosecution's theory, showed the income of appellant. When the trial court sustained appellant's objection to the introduction of such financial statements (Exhibits 29, 30, 31, 32), the prosecution's evidence was reduced solely to the statements of appellant.

Whether this evidence, upon which the judgment below must stand or fall, is to be regarded as a confession, or as admissions, or as extrajudicial statements, is of no consequence here. Under any name, they are insufficient to sustain the conviction, for there has been no independent proof of any crime having been committed. We deem it unnecessary to decide whether the lower court erred, as appellant contends, in admitting this testimony of certain government agents concerning statements made to them by appellant. Even if the admissibility of such testimony be assumed, arguendo, the government case still falls far short of establishing the guilt of appellant by the further evidence required by our decision in Davena, Jr. v. United States, 9 Cir., 198 F.2d 230.

Appellee's brief informs us that (in appellant's 1947 income tax return) the Henshaw Road property is listed twice in Item 3, Cost, under Explanation of Deduction and Depreciation, as $20,000 each, and the depreciation entered on said property is $4,000. " * * * considering the small amount of income set forth in the two respective income tax returns [1946, 1947] * * * certainly lays a basis to cause one to question the truth of the figures on depreciation."

 We cannot agree that the mere fact that a "small amount of income" is indicated by appellant's returns, while a sizeable depreciation is claimed therein, without more, necessarily places appellant in the realm of the suspect.

The judgment is reversed.