Arnold McGREW

v.

UNITED STATES of America.
No. 15188.

United States Court of Appeals
Fifth Circuit.

May 13, 1955.

Horace E. Richter, LaGrange, Ga., M. Neil Andrews, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

Charged in four counts with wilfully attempting, in violation of Sec. 145(b), 26 U.S.C., to defeat and evade a large part of his income taxes for the year 1946, involving more than two-thirds of the claimed deficiencies, and the years 1947, 1948, and 1949, each involving much smaller amounts, defendant was acquitted on Count One and convicted on Counts Two, Three and Four. Sentenced on each of the three counts to pay a fine of $7500 and to serve three years, the sentences to run concurrently, defendant, appealing therefrom is here attacking the judgment and sentence on three general grounds.

■ The first ground, under which most of his propositions are put forward and argued, presents the claim: that the government did not make the necessary preliminary proof that (1) the taxpayer had no books; or (2) refused to produce them; or (3) the books did not clearly reflect his income; and (4) the circumstances were such that the net worth method did reflect his income with reasonable accuracy and certainty; and that, therefore, an acquittal should have been directed.

Whatever may have been thought to be the state of the law as to these propositions before the decision in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, and the companion cases decided on the same day came down, the decisions in these cases have made it clear that if they ever were tenable, they are no longer so.

■ The second ground of attack is that the requirement of Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, and cases decided under its authority, such as Jones v. United States, 5 Cir., 164 F.2d 398, and Spriggs v. United States, 9 Cir., 198 F.2d 782, that willfulness is an essential element of the offense and must be shown, was not met.

The third ground is the broad one, that the evidence was insufficient to convict the defendant of the offenses charged, and his motion for acquittal should have been granted.

The first of these two grounds either misapprehends the nature and effect of the Spies and following decisions as to the proof required to show willfulness, or of the evidence adduced in this case. For it is clear, we think, that if the evidence of the government as to the defendant's net worth was accepted by the jury and the explanation tendered by the defense of the sources of that net worth was rejected by them, there was ample basis in the evidence for a finding by the jury, under the charge of the court to which no exception was taken, that the discrepancy between income reported and income received was the result of a willful intent to defeat and evade the taxes.

■ The third ground, which in its generality embraces the claimed inadequacy in the proof of willfulness, put forward as the second ground for reversal, and the inadequacy in the proof of an excess of income over that reported, is no better taken. It is true that the jury did reject the large claim of discrepancy between initial and concluding net worth claimed by the government for the year

1946, and that to the extent of the rejection the jury did sustain the defense that at the beginning of that year defendant did have a much larger net worth than the government was willing to accord to him as of that time. It is further true that this finding in defendant's favor should, and no doubt, as shown by the colloquy in the record at the time when the sentence was first imposed, will, when the final determination of the proper sentence is made, have its full weight with the court in determining both the extent and nature of the offending, and the over all considerations which should enter into and influence the sentencing.

When it comes, however, to the much more modest claims of the later years, the jury, as it had a right to do under the evidence, accepted, at least in part, the government's evidence and, at least in part, rejected the claims of the defense. We are, therefore, unable to agree with defendant's contention that a verdict should have been directed in his favor and that the judgment must be reversed.

No error appearing, the judgment is Affirmed.