Claude E. SPRIGGS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14409.

United States Court of Appeals
Ninth Circuit.

April 25, 1955.

Rehearing Denied Sept. 23, 1955.

Claude E. Spriggs, Jack C. Cavness, Phoenix, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Robert S. Murlless, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before STEPHENS, POPE and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Defendant was indicted February 26, 1953, on a charge of attempting to defeat and evade his income tax[1] for the year 1947, and was convicted by a jury on April 5, 1954. Judgment and sentence followed, from which this appeal was taken.

The history of a previous conviction on a substantially similar charge must be reviewed for an understanding of the points raised herein. An indictment returned against Spriggs on April 3, 1951, contained three counts. He was acquitted on the first two counts, which relate to other years, and we concern ourselves only with Count III, which seems to have been in the same terms as the single count of the present indictment. A bill of particulars was granted as to the first indictment. The particulars specified as to Count III were (a) unreported taxable capital gains of $1,698.15 on the sale of the "Collins" property, (b) unreported taxable capital gains of $544.64 on the sale of the "Eastwood" property, and (c) overstatement of depreciation on the "Henshaw Road" property. The specific charge as to the latter was a false representation of cost.

A jury was impaneled and the trial was held. During the course thereof, defendant moved for the striking of portions of the bill of particulars as to Count II and for judgment of acquittal as to that count. Both motions were granted by the trial judge then presiding. There is no question as to this count, and the judgment of acquittal thereon was a finality.

At the same time, defendant moved for judgment of acquittal on Count III, which the trial judge then presiding denied and submitted this count to the jury. However, motion to strike portions of the bill of particulars was allowed. The proceeding was as follows:

"Counsel for defendant now moves for Judgment of Acquittal as to Count 3 of the Indictment on grounds and for the reasons the evidence adduced does not sustain the allegations of Count 3 and moves to strike portions of Bill of Particulars as to Count 3.

1. 26 U.S.C.A. § 145(b).

"It is Ordered that subdivisions (a) and (b) of said Bill of Particulars as to Count 3 of the Indictment be striken, and

"It is Ordered that said Motion for Judgment of Acquittal as to Count 3 of the Indictment be denied."

The defendant was convicted by the jury on Count III, attenuated by the striking of (a) and (b) of the bill of particulars, by which it may be understood that evidence of these transactions was not to be considered by the jury.

Appeal was taken to this Court, and the judgment of conviction was reversed, Spriggs v. United States, 9 Cir., 198 F. 2d 782, on the ground that no sufficient evidence was adduced to prove the corpus delicti independently of the admissions of defendant. Thereafter, based upon a stipulation of counsel for defendant and the then United States Attorney, the indictment was dismissed.

The present indictment was returned by another grand jury advised by a new United States Attorney, and the cause came on for trial before Hon. Claude McColloch, sitting by assignment. A motion to dismiss the indictment, for bill of particulars, a "motion to dismiss (or quash) the indictment" and a plea in bar were presented. These were all eventually denied. However, after the court ruled that the so-called plea in bar was denied, the United States Attorney presented an order granting the plea in respect to the matters referred to as (a) and (b) above and denying the plea with respect to the fraudulent depreciation designated above as (c), which was entered by the court. The court subsequently vacated this order and entered an order in accordance with its previous oral ruling denying the plea in bar in toto.

On trial, there was a motion for mistrial because the opening statement of the prosecuting attorney contained references to the "Collins" property, referred to above in subdivision (a), and to the "Eastwood" property, referred to above in subdivision (b). These were denied by the trial judge. Evidence was introduced as to the alleged profit on these two transactions and on the alleged fraudulent depreciation referred to above in subdivision (c). At the close of the government's case, defendant moved to strike all matters relating to the "Collins" and "Eastwood" properties, which was denied. There were motions to dismiss the indictment and for judgment of acquittal because of res adjudicata, former jeopardy and insufficiency of the evidence.

These were denied, and, when renewed at the close of all the evidence, again denied. After conviction, defendant made a motion for judgment of acquittal, notwithstanding the verdict, and motion for new trial. Both were denied. Defendant appeals the judgment of conviction.

The questions presented, according to the defendant, are:

"1. Had the defendant been put in double jeopardy since there had been a prior acquittal upon items (a) and (b) of the Bill of Particulars?"

"2. Does res judicata apply where defendant had previously been acquitted of the same offense as in (a) and (b) of Government's Bill of Particulars?"

"3. May the Court, by its actions, re-indict a defendant after a plea in bar has been sustained?"

"4. Is the evidence sufficient to sustain the verdict and judgment?"

The basis for all these points can be found in the record above summarized. The dismissal of the former indictment by consent of defendant did not terminate the right of the United States to reindict defendant within the period of the statute of limitations. The consent waived all technical defects. This dismissal of the indictment does not fall within Rule 48, Federal Rules of Criminal Procedure, 18 U.S.C.A., where consent by the court to the termination of the prosecution in that form by the United States Attorney is required. An order of dismissal thus en-

tered is still only the "nolle prosequi" of common law as distinguished from a "dismissal with prejudice" and in the form entered here will not forbid the filing of a second indictment on the same charge. The point that Count III of the first indictment and the count of the present indictment upon which defendant was convicted were in the same language is of no consequence. In any event, further submission to a grand jury was waived by consent of defendant, and the grand jury did reindict. In this there is no error.

 The point that the District Judge reindicted the defendant by allowing a plea in bar as to the "Collins" and "Eastwood" transactions and a subsequent document setting aside that earlier one carries its own refutation. A basic misunderstanding is illustrated. The journal entry or signed document is not the order of the court. The order of the court is the pronouncement made by the judge in open court.[2] The record shows the trial judge here denied the plea in bar from the bench. The entry presented by the United States Attorney and signed by the judge, apparently through inadvertence, was only evidence of the ruling. It could be set aside, as it was without effect upon the situation, and the entry made to conform to the true pronouncement.

The doctrine of double jeopardy, res adjudicata and collateral estoppel seem to be inextricably confused in the arguments presented here. No time will be wasted in technical distinctions and def-

initions. Suffice it to say that defendant was not prejudiced in any particular by the previous action of the trial court.

 The argument that defendant was acquitted by this Court upon the previous appeal is offered. But there it was held only that there was insufficient "independent" evidence of the crime to permit the judgment to stand upon the admissions of defendant. It seems this Court thought there was an attempt to prove guilt on the net worth theory based upon expressions of defendant himself. The judgment of conviction was reversed. There was no direction that the proceeding be dismissed. Even if there had been an acquittal, this disposition could not have prevented the retrial of the charges as to "Collins" and "Eastwood" transactions, which had never been presented to the first jury and on which defendant had never been in jeopardy. But defendant was not acquitted either by the trial judge or the jury in the previous case. Instead, the jury found sufficient evidence to convince them of his guilt beyond a reasonable doubt. He was not discharged by this Court.[3] A reversal sets aside the judgment, but allows the indictment to stand.[4] The intention of this Court is clearly shown by the recital contained in the opinion in the previous case to the effect that: "Appellant thereafter filed motions for judgment notwithstanding the verdict and for a new trial, both of which were denied. This appeal followed." 198 F.2d at page 783. Since the defendant in this case asked for a new

---

2. A judgment may be pronounced orally from the bench. As Chief Judge Magruder says: "the rules differentiate between a judgment and the 'entry' of the judgment, with the implication that the judgment must pre-exist before the clerk can perform the clerical or ministerial act of entering it." In re Forstner Chain Corporation, 1 Cir., 177 F.2d 572, 576. Therefore, the doctrine of the text does not conflict with the line of cases such as the opinion of Judge Mathews in Rosenberg v. Heffron, 9 Cir., 131 F.2d 80, which deal with the entry or docketing necessary to lay basis for appeal from a final order.

3. The direction on the review of the judg-

ment in the first case reads "Reversed." 198 F.2d 782, 783.

4. " * * * it is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted. * * * The court therefore rightly overruled their plea of former jeopardy * * *." United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300. See State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 462, 67 S.Ct. 374, 91 L.Ed. 422.

trial at the end of the previous case, and upon appeal this Court upheld his contention, he cannot complain that the cause was sent back for a new trial. See Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335.

 The reason there was not "independent" evidence in the first trial was that the trial judge there excluded any charge of evidence as to the "Collins" and "Eastwood" transactions. But sustaining a motion to strike the items from the bill of particulars did not "acquit" defendant upon these facts. In our opinion, the word "acquit" was used as to these specifications of the motion, but it was not the intention to discharge defendant, and certainly this Court could not free him upon charges which were not presented to the jury for judgment. The jury never had a chance previous to the trial on the instant indictment to pass upon them. If they had acquitted, there might have been an end to the prosecution. But they convicted.

We find by an examination of the evidence that there was sufficient foundation for the jury to find defendant guilty beyond a reasonable doubt. The record in the instant case was different from that on the previous appeal.

Affirmed.