John V. GIKAS, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5279.

United States Court of Appeals First Circuit.

Dec. 18, 1957.

Charles J. Isber, Boston, Mass., for appellant.

William J. Koen, Asst. U. S. Atty., Boston, Mass., with whom Anthony Julian, U. S. Atty., and Charles F. Barrett, Asst. U. S. Atty., Boston, Mass., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

## PER CURIAM.

The appeal here is from a judgment of conviction, pursuant to a jury verdict of guilty, after trial of appellant on an indictment charging, in five counts, violations of § 145(b) of the Internal Revenue Code for the taxable years 1945, 1946, 1948, 1949, and 1950. The Code section reads as follows:

> "Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

Appellant urged many alleged errors at the trial which would require a vacation of the judgment of conviction, with a remand for a new trial. The government, in its brief, did not undertake to controvert some of these points and, in effect, conceded that appellant was entitled to a new trial. Accordingly, these points were not discussed by counsel at the oral argument; and in view of the government's concession we shall not discuss such alleged errors in detail.

Appellant also urged that the district judge was in error in denying defendant's motion for a judgment of acquittal "on the ground that the evidence is insufficient to sustain a conviction for the offence charged in the indictment." Since, in appellant's view, he was entitled to a judgment of acquittal at the trial, he urges us, in vacating the judgment of conviction, to send the case back to the district court with a direction to do what he should have done at the trial, namely, to enter a judgment of acquittal, thereby terminating the prosecution finally in the accused's favor. Such point the government vigorously contested, and the argument before us revolved entirely about this contention.

Of course, under 26 U.S.C. § 145(b), the government had to show something more than that the taxpayer was deficient in payment of taxes lawfully due; it had to satisfy the jury, beyond a reasonable doubt, that the taxpayer's understatements of his income were deliberately made in a "willful" attempt to evade taxes due. In order to narrow the factual issues, and to assist the accused in the preparation of his defense, defendant filed a motion for a bill of particulars, in which the government was asked to state "the specific item or items with respect to which the defendant's returns were false and fraudulent as alleged in the Indictment." To that inquiry the government's reply was: "On each return the defendant claimed

exemptions for dependents, to which exemptions he was not entitled."

At the trial the government made no effort to prove that the taxpayer had claimed exemptions to which he was not entitled. Instead, the government concentrated on introducing evidence tending to show that the taxpayer had willfully failed to report taxable income in the form of dividends and capital gains which he had knowingly derived from a running account he had with the brokerage firm of Kidder, Peabody & Co. It does not appear that counsel for defendant ever claimed surprise at this shifting of the government's position, and the Kidder, Peabody account was dealt with at length both in the arguments of counsel and in the charge to the jury. If it were reversible error for the trial judge not to have required the government to confine its proof to the willful evasions asserted in its answer to the bill of particulars, of course the most that appellant could hope to obtain on that score would be a reversal for a new trial.

In vacating the judgment of conviction, there are two reasons why we have decided not to direct the entry of a judgment of acquittal:

 (1) We think that there was sufficient evidence of willfulness, as charged in the indictment, in the failure of appellant to report as income any of the dividends or capital gains derived from the Kidder, Peabody account. The jury must have disbelieved appellant's explanation that he, who posed as a "tax consultant", thought that none of this was reportable income until he "received" it by actually withdrawing it from the Kidder, Peabody account, especially in view of the fact that when he did draw three checks on the account, in the total amount of $5,000.00, he did not report any of that either, or make any effort to ascertain how much of the $5,000.00 might represent income and how much might be a possible return of capital. We need not rehearse other reinforcing circumstances appearing in the record.

(2) Even if we thought that the motion for judgment of acquittal should have been granted, it is clearly not mandatory on us as an appellate court, though it is within our power, to direct the district court to enter a judgment of acquittal. See Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. See also, Yates v. United States, 1957, 354 U.S. 298, 327 et seq., 77 S.Ct. 1064, 1 L.Ed.2d 1356. Sometimes it may be thought that the government could easily supply missing elements of proof at a second trial, and that a direction for a new trial "may be just under the circumstances." 28 U.S.C. § 2106. We think that it is so here.

A judgment will be entered vacating the judgment of the District Court, and remanding the case to that Court with direction for a new trial.