**Richard A. MACK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Thurman A. WHITESIDE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 15322, 15323.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 24, 1959.

Decided Sept. 29, 1959.

Petition for Rehearing En Banc Denied Oct. 22, 1959.

Certiorari Denied Dec. 7, 1959. See 80 S.Ct. 262.

---

Nicholas J. Chase, Washington, D. C., with whom A. Kenneth Pye, Washington,

D. C., was on the pleadings, for appellant Mack.

James E. Hogan, Washington, D. C., with whom Arthur J. Hilland and Ferdinand J. Mack, Washington, D. C., were on the pleadings, for appellant Whiteside.

J. Frank Cunningham, Attorney, Department of Justice, Washington, D. C., with whom Oliver Gasch, U. S. Atty., Washington, D. C., was on the pleadings, for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and WILBUR K. MILLER, Circuit Judges.

## PER CURIAM.

These are motions to docket and dismiss, filed by the Government. The cases were tried to a jury, motions for judgments of acquittal were made, the judge reserved decision, the jury disagreed and was discharged, and the judge thereafter denied the motions. The defendants appealed from the denials.

The Court of Appeals for the Fifth Circuit, in Gilmore v. United States,[1] considered and disposed of most of the points raised here by the appellants. We agree with the opinion in that case and adopt it here.[2]

Another point raised by appellants concerns the applicability of Stack v. Boyle.[3] That case involved a motion to reduce bail pending trial. The Court held denial of the motion to be a final decision within the statute governing the right to appeal.[4] The considerations applicable to such a motion concerning bail, which led to the conclusion of the Court, are inapplicable here. The rights to bail and to freedom from excessive bail are obviously different from whatever rights a defendant may have to a judgment of acquittal after the evidence is in upon a trial by jury. Moreover the question of bail and the proceedings in respect to it

1. 264 F.2d 44, certiorari denied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982 (1959).

2. See also United States v. Swidler, 3 Cir., 207 F.2d 47, certiorari denied, 346 U.S. 915, 74 S.Ct. 274, 98 L.Ed. 411 (1953).

3. 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

4. 28 U.S.C. § 1291.

are not part of the trial, a unitary proceeding of which the final decision is a judgment,[5] but are separate and independent from the questions and the proceedings of the trial. The difference between the questions is made amply clear by the opinions of the Justices in Stack v. Boyle, supra.

■ Appellants would have us read Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., as denying to a trial court the power to order a new trial where the judge reserves decision on a motion for judgment of acquittal, the jury thereafter disagrees, and the court then denies the motion. The last sentence of the Rule is: "If no verdict is returned the court may order a new trial or enter judgment of acquittal." We read that sentence as it is written. It is not limited to a situation wherein the court has denied, rather than reserved decision on, the motion before submitting the case to the jury.

To read Rule 29(b) as appellants would have us read it would make a mistrial due to a disagreement of the jury, where the judge has reserved decision upon a motion for acquittal, equivalent to an acquittal. We think the Rule was not so intended and cannot be so read.[6]

■■ Appellants urge the burden of a retrial as a determinative factor. But many rulings of a trial judge during the course of a trial result in similar burdens. Appellate courts are bound by the rule of finality.[7] We think the denials of the motions for judgments of acquittal were not final decisions within the meaning of the statute.

Appeals dismissed.

On Petition for Rehearing en banc.

Upon their petition for rehearing en banc appellants urge that the court, in the Memorandum accompanying its order of September 29, 1959, discussed one order from which they sought to appeal but did not mention another order from which they also sought to appeal. This latter order was a denial of a motion for judgment of acquittal upon the ground that the jury had been allowed to disperse after the case had been submitted to them for their verdict.

■ After the jury had retired and had been locked up for some nineteen hours, one juror was taken ill and was hospitalized. It appeared, however, that his indisposition would be temporary and he would shortly be able to resume his duties. The court permitted the remaining jurors to disperse and later reassemble and continue their deliberations, the sick juror having returned to duty. After some twenty-eight additional hours of deliberation the jury was unable to agree and was discharged. The argument of appellants is that the jury was illegally reassembled and that they were thereby twice put in jeopardy. From that premise they conclude that they are entitled to a judgment of acquittal.

We are of opinion that the foregoing argument lacks substance. Even if the premise were valid and the deliberations of the reassembled jurors were void, the most favorable result that could ensue would be a mistrial. A new trial would most certainly be ordered under those circumstances. A mistrial has in fact resulted from the disagreement of the jury. We see no error in the denial of the motion for judgment of acquittal.

Before PRETTYMAN, Chief Judge, and EDGERTON, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges, in Chambers.

Order

PER CURIAM.

Upon consideration of appellants' petition for a rehearing en banc, it is

Ordered by the court that the petition for rehearing en banc is denied.

5. See Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 82 L.Ed. 204 (1937); Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956).

6. Cf. Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950).

7. Supra note 4.