875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNIQUE APPAREL, INC., A South Carolina Corporation, Plaintiff-Appellee,
United States of America, Intervenor,
v.
Harry MONIES, Defendant-Appellant,
and
Ross Stores, National Westminster Bank, First Union National
Bank, Defendants.
 No. 88-2161.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1989.
Decided May 4, 1989.
 
 Daniel Markewich (Markewich, Friedman & Markewich, P.C. on brief) for appellant.
 Thomas Furman Brodie (McGowan, Keller, Eaton, Brodie & Stewart, P.A. on brief), David Jarlath Slattery, Assistant United States Attorney (Vinton D. Lide, United States Attorney on brief) for appellee.
 Before WIDENER, K.K. HALL and WILKINS, Circuit Judges.
 WILKINS, Circuit Judge:
 
 
 1
 Harry Monies appeals from a district court order enforcing a settlement agreement he entered into with Unique Apparel, Inc. He also appeals from a judgment of the district court holding him in criminal contempt. 18 U.S.C. Sec. 401(3). We affirm the enforcement of the settlement agreement and reverse the contempt judgment.
 
 I.
 
 2
 In 1987 Unique Apparel brought a breach of contract action against Monies and other defendants in state court in South Carolina. After the action was removed to federal court and discovery was completed, the parties entered into settlement negotiations. After being advised by both parties that settlement had been reached, the district court entered an order on July 7, 1988 dismissing the action without prejudice and providing that the court would entertain a motion made within 60 days to enforce the settlement.
 
 
 3
 Unique timely filed a petition to enforce the settlement and moved for an expedited hearing. In a notice dated July 14, 1988, a hearing was scheduled for July 20, 1988. That notice, which was signed by a deputy clerk of court, provided that " '[t]he defendant Harry Monies, is directed to be present in person at this hearing.' " Monies, a New York resident, was notified in a letter from his South Carolina attorney that his attendance at the July 20 hearing was "required." The following day, in a telephone conversation with his attorney, Monies, citing business commitments in New York, requested that he be allowed to testify at the settlement hearing by telephone. Later that same day Monies' counsel mailed him a copy of the notice of hearing and reiterated in a cover letter that "you have been directed to appear in person." Counsel added a postscript to that letter stating that he had spoken with the district judge and that Monies' request to be allowed to testify by telephone had been denied. In a subsequent letter to counsel Monies stated that he could not leave his New York business unattended on the day of the scheduled hearing and he requested a telephone conference with the district judge.
 
 
 4
 When Monies failed to appear at the scheduled hearing, his local counsel were sworn and testified concerning the settlement agreement. The district court entered an order enforcing the settlement. It also entered an order to show cause why Monies should not be held in contempt for failing to appear personally as directed. After a hearing on the contempt charge at which Monies appeared, the district court found him in criminal contempt and fined him $200.00.
 
 II.
 
 5
 A plenary evidentiary hearing must be held when a material dispute arises concerning the existence of settlement or the authority of an attorney to enter settlement for his client. Millner v. Norfolk & Western Ry. Co., 643 F.2d 1005, 1009 (4th Cir.1981). At this hearing, the court may require both the parties and their attorneys to testify under oath. Wood v. Virginia Hauling Co., 528 F.2d 423, 425 (4th Cir.1975).
 
 
 6
 Monies contends that the district judge denied him a fair settlement hearing by requiring his attorneys to testify concerning the settlement. He argues that this testimony violated the attorney-client privilege and certain ethical rules.
 
 
 7
 Monies was given an opportunity to participate in a plenary hearing concerning the validity of the settlement agreement. He was notified of the hearing and even directed to attend the hearing in person. He elected to forfeit whatever benefit he might have received by being present. The district court did not err in proceeding with the settlement hearing and it acted within its authority in requiring Monies' local counsel to testify.
 
 III.
 
 8
 Federal courts are empowered with the discretion to punish, by fine or imprisonment, contemptuous acts, including "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. Sec. 401(3). The imposition of criminal contempt is governed by Federal Rule of Criminal Procedure 42, which provides for two methods of enforcement depending on the circumstances of the contempt.
 
 
 9
 Monies contends that he was not provided with adequate notice that he was charged with criminal contempt as opposed to civil contempt. Monies raises this issue for the first time on this appeal.[1] Generally, the failure to present an issue to the district court forecloses appellate review absent exceptional circumstances. United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912, 915 (4th Cir.1976). Here, we believe that exceptional circumstances warrant review of this issue.
 
 A.
 
 10
 At the contempt hearing, Monies' local counsel moved for the admission pro hac vice of an attorney from New York. Prior to ruling on the motion, but after informing the attorney that "we are delighted to have you down here," the district judge proceeded to reprimand New York counsel for a letter he had written to the court, characterizing it as "arrogant, insolent and presumptuous, to say the least."[2] After an exchange concerning the contents of the letter, the judge stated that he did not desire an apology from counsel but was "simply telling you this, to see if you really want to be admitted to practice before this court." Monies' New York attorney contends that he was hesitant to raise the notice issue for fear that he would be held in contempt or would not be admitted pro hac vice.
 
 
 11
 In the face of the district judge's comments, we understand counsel's reluctance. While we recognize and appreciate a district judge's inherent authority to maintain control in the courtroom, we also emphasize that district judges should not exercise this control in a manner which precludes counsel from zealously representing a client's interest. As stated by the Supreme Court:
 
 
 12
 While we appreciate the necessity for a judge to have the power to protect himself from actual obstruction in the courtroom, or even from conduct so near to the court as actually to obstruct justice, it is also essential to a fair administration of justice that lawyers be able to make honest good-faith efforts to present their clients' cases. An independent judiciary and a vigorous, independent bar are both indispensable parts of our system of justice. To preserve the kind of trials that our system envisages, Congress has limited the summary contempt power vested in courts to the least possible power adequate to prevent actual obstruction of justice.
 
 
 13
 In re McConnell, 370 U.S. 230, 236 (1962).
 
 B.
 
 14
 Monies' assertion of inadequate notice that the second hearing dealt with possible criminal contempt is without merit in light of the statement in the order to show cause that Monies should appear to show "why he should not be adjudged guilty of, and punished for, contempt of court." Counsel should have recognized that the proceedings were for criminal contempt since the underlying settlement had been enforced and the only question was whether punishment should be imposed on Monies for his failure to appear at the hearing to enforce the settlement.
 
 IV.
 
 15
 Criminal contempt is an extraordinary procedure and should be invoked sparingly. Although a district judge's imposition of criminal contempt penalties will not be overturned absent an abuse of discretion, "[a]ppellate courts bear 'special responsibility' for preventing abuse of the contempt power." United States v. Bukowski, 435 F.2d 1094, 1110 (7th Cir.1970), cert. denied, 401 U.S. 911 (1971). Included in the appellate inquiry is the question of whether less onerous remedies should have been employed by the district judge. Monies claims that the district judge should have first proceeded under civil contempt to compel his appearance at the settlement hearing. Although the district judge apparently did not consider this possibility, he was well within his authority in proceeding with and completing the hearing on the enforcement of the settlement in Monies' absence. While litigants in civil matters have a right to be present during all hearings, they do not have the right to postpone scheduled hearings by electing not to attend. If a litigant elects not to attend, the court may simply proceed with the hearing and issue its ruling based on the testimony and evidence presented. The practical effect in many cases is that the litigant who elects not to attend will receive an adverse decision.
 
 
 16
 This is what happened here. In Monies' absence, the district judge appropriately conducted the hearing and properly determined that the settlement should be enforced. Monies' testimony may have convinced the district judge to reach a different conclusion, but he forfeited his right to be heard. The fact that Monies' presence and testimony were unnecessary for the hearing to proceed is pivotal to our decision. The district court was able to conduct and complete the plenary hearing and fully dispose of all issues in Monies' absence. While his conduct may well have justified the imposition of some sanction, it did not support a basis for a finding of criminal contempt.
 
 V.
 
 17
 We conclude that the district judge did not err in enforcing the settlement agreement. We also conclude that the district judge's finding of criminal contempt was an abuse of discretion.
 
 
 18
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 19
 WIDENER, Circuit Judge, concurring and dissenting:
 
 
 20
 While I concur in the affirmance of the judgment and that the order of conviction should be vacated, because the district court neither requested nor appointed appropriate prosecuting authority prior to trying Monies, I would remand that part of the case for a new trial. Young v. United States ex rel Vuitton et fils S.A., 481 U.S. 787, 801 (1987). Thus, I would express no opinion, as does the majority, on the sufficiency of the evidence. If necessary to reach the conclusion I reach, I would disagree with the majority on that aspect of the case. See Burks v. United States, 437 U.S. 1, 18 (1978), overruling United States v. Bryan, 338 U.S. 552 (1950).
 
 
 
 [1]
 Monies also argues that the directive in the notice of hearing requiring his attendance was not a proper order pursuant to section 401. He additionally contends that he did not possess the requisite intent for a criminal contempt finding and that the court erred in failing to appoint a prosecutor to present the case. We need not address these issues in light of our conclusion that the district judge abused his discretion in holding Monies in criminal contempt
 
 
 [2]
 The letter from New York counsel "respectfully submit[ted]" that the court should not have dismissed a New York action as part of the settlement without counsel's knowledge