COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
I agree that the district court erred by excluding evidence proffered by Jerilee Jane Head that was relevant to the second element of the charged accessory-after-the-fact offense — i.e., whether she knew that Donald Clark committed the predicate offense of discharging a firearm during the commission of a crime of violence when she assisted him in evading apprehension. But this was a trial error that does not preclude a retrial of Head, and the court errs by directing a judgment of acquittal. I would reverse and remand for further proceedings, including a new trial if the United States Attorney elects to proceed.
Since the nineteenth century, it has been settled that the Double Jeopardy Clause’s general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting her first conviction set aside on direct appeal because of some error in the proceedings that led to the conviction. Lockhart v. Nelson, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); United States v. Ball, 163 U.S. 662, 671-72, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); see also United States v. Tateo, 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964) (applying the same rule when a conviction was vacated on collateral attack). “This rule, which is a well-established part of our constitutional jurisprudence, is necessary in order to ensure the sound administration of justice.” Nelson, 488 U.S. at 38, 109 S.Ct. 285 (internal quotation omitted).
Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.
Tateo, 377 U.S. at 466, 84 S.Ct. 1587.
For a time, this rule extended even to reversals based on insufficiency of the evidence, Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950), but the Supreme Court recognized an “exception” to the general rule in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). See Nelson, 488 U.S. at 39, 109 S.Ct. 285. In Burks, the Court held that “when a defendant’s conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury’s verdict, the Double Jeopardy Clause bars a retrial on the same charge.” Nelson, 488 U.S. at 39, 109 S.Ct. 285 (emphasis added). Burks, however, had “no doubt” that the Ball decision of 1896 “was correct in allowing a new trial to rectify trial error.” 437 U.S. at 14, 98 S.Ct. 2141. And the Court in Burks even listed examples of “trial error” that do not preclude a retrial after an appellate reversal: “incorrect receipt or rejection of evidence, incorrect instructions, or prosecuto- *1035 rial misconduct.” 437 U.S. at 15, 98 S.Ct. 2141 (emphasis added).
Lockhart v. Nelson reiterated that an appellate reversal for a trial error does not preclude a retrial. There, evidence was erroneously admitted against the defendant at trial, and without the inadmissible evidence, there was insufficient evidence in the record to sustain the conviction. Nonetheless, reversing the Eighth Circuit, the Supreme Court thought it “beyond dispute that this is a situation described in Burks as reversal for ‘trial error.’ ” 488 U.S. at 40, 109 S.Ct. 285. Eetrial was allowed, because after considering “all of the evidence admitted by the trial court,” including that which was later declared inadmissible, there was sufficient evidence to sustain the conviction. Id. at 41, 109 S.Ct. 285. The Court’s holding “merely recreatefd] the situation that would have been obtained” if the trial court had made the correct evidentiary ruling during the original proceeding. Id. at 42, 109 S.Ct. 285.
The error on which the court in this case relies in directing a judgment of acquittal for Head is a classic “trial error” as defined in Burks: “incorrect receipt or rejection of evidence.” 437 U.S. at 15, 98 S.Ct. 2141. The district court incorrectly rejected evidence that Head proffered in her defense. The “sole ground” for this court’s reversal of the conviction is not insufficiency of the evidence; the reversal is based on evidentiary trial error.
On the record presented at trial, there was sufficient evidence for a jury to conclude that Head knew that Clark had committed the predicate offense, and the court does not really contend otherwise. The government introduced Head’s grand jury testimony of December 20, 2010, in which she admitted that she knew someone died in “the shooting” on the reservation on November 3, 2010, and that Clark told her on November 4 that he had “killed somebody” and was “scared to turn himself in.” Before the incident, Head acknowledged that she was riding with Clark when the eventual shooting victim drove by and waved his arms as though he was calling Clark to fight. Clark promptly dropped off Head and “blazed off’ in his car. Shortly thereafter, she saw the eventual victim drive by in the same direction as Clark, and then she heard gunshots.
Head also admitted to a law enforcement officer in March 2011 that between the date of the shooting in November and Clark’s apprehension in January 2011, “everybody on the reservation kn[ew] that law enforcement [wa]s looking for” Clark, and that Clark was staying primarily with his family, Head, or Head’s brother during that period. Although a law enforcement officer advised Head about the elements of the accessory offense on December 8, 2010, she never told the officer that she believed that Clark was innocent. On January 15, officers found Clark hiding in the backseat of Head’s car after she denied knowing where Clark could be found.
From this evidence, a reasonable jury could infer that Head knew in November and December that Clark had committed the predicate offense, and that she continued to know the same on January 15, when she assisted Clark to evade apprehension. The self-defense evidence excluded by the district court might have weakened the government’s case, if the jury believed that Head’s knowledge changed over time, but that possibility has no bearing on whether the evidence as received at trial was sufficient to convict.
That the government is allowed to retry Head on remand follows a fortiori from Nelson. In Nelson, after adjusting the trial record on appeal to account for the evidentiary error, there was insufficient evidence to sustain the conviction. But retrial was still allowed, because there was *1036 sufficient evidence in the record actually received in the trial court. Here, after adjusting the trial record on appeal to account for the evidentiary error relating to self-defense, there is still sufficient evidence to sustain the conviction, for the jury could have disbelieved Head’s evidence entirely. Like the incorrect receipt of evidence at issue in Nelson, the incorrect rejection of evidence is a trial error that does not preclude a retrial. Detrich v. United States, 924 F.2d 479, 479-80 (2d Cir.1991) (per curiam).
For these reasons, I would reverse the conviction and remand for further proceedings, including the possibility of a new trial.