249 F.2d 619
 UNITED STATES of America
v.
Joseph KUZMA, Joseph Roberts, Benjamin Weiss, David Davis,
Thomas Nabried, Irvin Katz, Walter Lowenfels,
Sherman Marion Labovitz, Robert
Klonskey, Appellants.
 Nos. 11655-11663.
 United States Court of Appeals Third Circuit.
 Argued Oct. 24, 1957.
Decided Nov. 13, 1957.
 
 Joseph S. Lord, 3d, Philadelphia, Pa. (John Rogers Carroll, Thomas D. McBride, Philadelphia, Pa., on the brief), for appellants.
 W. Wilson White, Washington, D.C. (Marvin B. Segal, Lawrence P. McGauley, Carl G. Coben, Attys., Dept. of Justice, Washington, D.C., William F. Tompkins, W. Wilson White, Asst. Attys. Gen., Harold K. Wood, U.S. Atty., Philadelphia, Pa., Philip R. Monahan, Doris H. Spangenburg, Attys., Dept. of Justice, Anthony A. Ambrosio, Washington, D.C., on the brief), for the U.S., appellee.
 Before GOODRICH, STALEY and HASTIE, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 The nine appellants have been convicted of conspiracy to violate the Smith Act.[1] The indictment presents the unlawful scheme in two distinct aspects, each stated to conform with a particular clause of the Smith Act.[2] The conspirators are said to have plotted, first, to teach the duty and necessity of violently overthrowing the government of the United States as soon as circumstances should permit, and second, to organize the Communist Party of the United States as a group of persons to advocate such violent aggression against our government. The government offered evidence to support both of these charges and the case went to the jury on the entire indictment. The jury found all defendants guilty as charged.
 
 
 2
 In entering judgment on the verdict the district court was guided by the decision of the Supreme Court in Dennis v. United States, 1951, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137, and the decision of this court in United States v. Mesarosh, 1955, 223 F.2d 449. However, on this appeal we have the benefit of more recent guidance supplied by the Supreme Court in Yates v. United States, 1957, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356. Although the Yates opinion builds upon the Dennis foundation, it explains and particularizes concepts in a way which could hardly have been anticipated by the district judge presiding at the trial of this case. In addition, in the Yates case the Supreme Court ruled upon specific issues which are indistinguishable from those involved in the present case, but were not before the Court in Dennis. The several new teachings of the Yates case are decisive on this appeal.
 
 
 3
 First, in the Yates case the Supreme Court ruled that, on the government's own showing, the conspiracy to reorganize the Communist Party as a group of the kind proscribed by the Smith Act was barred by the statute of limitations. The same organization, with the same evidence of events and their chronology, is relied upon in this case. Therefore, the present organizing charge is also barred by the statute. The defendants are entitled at least to a new trial in which the portion of the indictment concerning the organization of the Communist Party and all evidence which relates exclusively to that charge must be excluded. This much the government properly concedes. The appellants, however, contend that their situation is like that of five of the fourteen defendants in the Yates case as to whom the Supreme Court ruled that 'the evidence was entirely too meager to justify putting them to a new trial, and that their acquittal should be ordered.'
 
 
 4
 To place in focus this question whether new trial or acquittal should be ordered, it is necessary to state certain limitations on the reach of the Smith Act which are part of the explicit holding of the Yates decision. The Smith Act uses general language in making it a crime to teach or advocate the violent overthrow of any government in the United States by force or violence. In the Yates case the Supreme Court ruled that this comprehensively stated proscription of subversive speech should be read as having 'a special and limited connotation'. In the view of the Court, a narrow construction is proper because the debate on this legislation shows that Congress was aware that legislative power in this area of political agitation-- as authoritatively analyzed in Gitlow v. People of State of New York, 1925, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138, and subsequent cases-- is very limited. Beyond recognition of such constitutional strictures, the debate also revealed purpose to limit the coverage of the new legislation so that it would clearly be valid. This line of reasoning led the Court to rule explicitly, as a matter of statutory construction, that the Smith Act comprehends only 'the advocacy and teaching of concrete action for the forcible overthrow of the government'. 354 U.S. at page 320, 77 S.Ct. at page 1077. 'Those to whom the advocacy is addressed must be urged to do something'. 354 U.S. at page 325, 77 S.Ct. at page 1080. The Court makes this point even more striking in negative statement, saying that not even 'an agreement to advocate forcible overthrow itself (is) an unlawful conspiracy if it does not call for advocacy of action.' 354 U.S. at page 323, 77 S.Ct. at page 1079. Thus, a Smith Act conspiracy is proved only if the government can show a conspiracy to teach people to take concrete action toward the violent overthrow of the existing government as soon as possible.[3] Moreover, the Court indicates that an individual defendant cannot be convicted of willful and knowing adherence to such a Smith Act conspiracy unless something said by him or communicated to him shows his understanding that, beyond endorsing the idea and objective of violent overthrow of the existing government, particular action to that end is projected and is to be advocated.
 
 
 5
 It is in this view of what the government must prove that we consider whether enough was indicated on the first trial concerning the alleged conspiracy and the complicity of each defendant therein to justify subjecting the several defendants to a second trial. We have been aided by the fact that the government has made an objective reevaluation of the evidence against each defendant and has candidly stated its conclusions, in some instances favorable and in others unfavorable to further prosecution.
 
 
 6
 The government concedes that a case cannot be proved as against the appellants Walter Lowenfels and Sherman Labovitz under the strict standards of the Yates decision. On the record we think that is a proper concession. Accordingly, we shall direct that judgments of acquittal be entered for these appellants.
 
 
 7
 It is also our view that although the evidence against appellants Benjamin Weiss and Irvin Katz is somewhat different from that against Lowenfels and Labovitz, its potential under the Yates rationale is not significantly greater. Nothing has been proved or suggested to indicate that on retrial the government would be able to prove that these defendants, again in the language of the Yates opinion, have 'made statements themselves, or apparently approved statements made in their presence, which a jury might take as some evidence of their participation * * * in a conspiracy to advocate illegal action.' 354 U.S. at page 333, 77 S.Ct. at page 1684. While there is some evidence that they subscribed to and approved the teaching of the revolutionary doctrine of 'Marxism-Leninism' around which much of the case for the prosecution has been built, it has not been indicated that these defendants have gone beyond this and have subscribed to a program of teaching such action toward the violent overthrow of the government as the Yates decision requires. Accordingly, we will also require that judgments of acquittal be entered for Weiss and Katz.
 
 
 8
 Our conclusion is different in the cases of the five remaining appellants, Kuzma, Roberts, Davis, Nabried and Klonsky. It is not clear on the record and the submissions on this appeal that the government must fail in an effort to cast a prima facie case against these individuals in the Yates mold. And though the appellants urge that they should be acquitted, they also have asked alternatively for a new trial. On the entire record we have concluded that the government should be permitted to try these defendants again if it is satisfied that the Yates requirements can be met. In saying this, we intentionally avoid any specification or detailed evaluation of the evidence in the present record. We do this because any intimation we might give as to our judgment of the probative value or lack of probative value of particular items of evidence might possibly prejudice one side or the other in connection with a second trial.
 
 
 9
 One additional comment concerning any new trial of this case seems appropriate. The original trial proceeded for many months building a record of such size and prolixity that it is difficult to analyze and evaluate. We think a more manageable presentation on retrial would be helpful to the jury, the trial judge and any reviewing court. Nor are we unmindful of the burden upon defense counsel who in this case are volunteers donating months of professional service in a difficult and unpopular cause in token of their high sense of the responsibility of the bar to see that all defendants in criminal cases receive competent professional representation. In these circumstances, every effort should be made on retrial to exclude evidence that merely enlarges the record without adding substantially to the case of the prosecution or the defense. Certainly under the standards of the Yates case much of the evidence in the present record is of that character. In saying this, it is not our purpose to control the normal discretion of the trial judge. It is rather to urge the unhesitating use of that discretion to keep the record within manageable and comprehensible bounds.
 
 
 10
 The several convictions will be reversed; with directions to enter judgments of acquittal as to Benjamin Weiss, Irvin Katz, Walter Lowenfels and Sherman Labovitz, but with leave to take such further proceedings as to Joseph Kuzma, Joseph Roberts, David Davis, Thomas Nabried and Robert Klonsky as may be consistent with this opinion.
 
 
 
 [1]
 The indictment properly takes into account, but we need not now consider, the interrelation of the original Smith Act of June 28, 1940, 54 Stat. 670, its somewhat revised reenactment in the 1948 recodification, 18 U.S.C. 2385, and the general conspiracy statute, 18 U.S.C. 371
 
 
 [2]
 The two clauses, upon which the indictment reads, provide as follows: 'Whoever knowingly or willfully advocates, abets, advises, or teaches the duty, necessity, desirability, or propriety of overthrowing or destroying the government of the United States * * * by force or violence, * * *; or
 '* * * *
 'Whoever organizes or helps or attempts to organize any society, group, or assembly of persons who teach, advocate, or encourage the overthrow or destruction of any such government by force or violence; * * *
 'Shall be fined not more than $10,000 or imprisoned not more than ten years, or both, * * *.' 18 U.S.C. 2385.
 
 
 [3]
 The requirement of design to act illegally 'as soon as possible' is the devoir of the Dennis decision to the clear and present danger conception even while minimizing its role