Charles Kazuyuki **FUJIMOTO**, Dwight James Freeman, Jack Wayne Hall, Eileen Toshiko Fujimoto, Jack Denichi Kimoto, John Ernest Reinecke and Koji Ariyoshi, Appellants,

v.

**UNITED STATES of America,**
Appellee.

Henry P. **HUFF**, Terry Pettus, John Shields Daschbach and Paul Miller Bowen, Appellants,

v.

**UNITED STATES of America,**
Appellee.

Nos. 13915, 14320.

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1958.

No. 13915:

Richard Gladstein, San Francisco, Cal., Harriet Bouslog, Meyer Symonds, Honolulu, Hawaii, A. L. Wirin, Los Angeles, Cal., Telford Taylor, New York City, for appellants.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, Rex A. McKittrick, Sp. Asst. to Atty. Gen., for appellee.

No. 14320:

John Caughlan, Seattle, Wash., Irvin Goodman, Portland, Or., for appellant.

Charles P. Moriarty, U. S. Atty., Richard D. Harris, Asst. U. S. Atty., Seattle, Wash., Tracey Griffin, Sp. Asst. to Atty. Gen., for appellee.

Before HASTIE, CHAMBERS and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge.

These cases from the United States District Court for the District of Hawaii and the United States District Court for the Western District of Washington involve defendants convicted of violation of the Smith Act.*

We would affirm the trial courts principally under the authority of Yates v. United States, 9 Cir., 225 F.2d 146, although there are some additional points here. But our decision in Yates is no longer the law. It was reversed on June 17, 1957, by the United States Supreme Court, 354 U.S. 298, 77 S.Ct. 1064, 1 L. Ed.2d 1356, which also took the further step therein of decreeing which defendants should be forthwith discharged. It should be noted that in the Yates case at Los Angeles the government last month by force of circumstances and the Supreme Court's decision felt compelled to dismiss its case as to all remaining defendants there.

One may as well recognize that the Yates decision leaves the Smith Act, as to any further prosecution under it, a virtual shambles—unless the American Communist Party should witlessly set out to reconstitute itself again with a new "organization."

Government attorneys, reeling from the blow of Yates, have striven gallantly and arduously to try to secure here an order for a new trial as to all defendants, admitting, as they must, that not less than a new trial here was required by that decision.

Applying Yates to the summaries made by counsel for the government, we can only arrive at the conclusion that the cases must be reversed with instructions to enter judgment in favor of all defendants.

It is so ordered.

HASTIE and HAMLEY, Circuit Judges (concurring).

We concur in Judge CHAMBERS' opinion, except in so far as it refers to the effect of the Yates decision upon future prosecutions under the Smith Act. In our view, this statement is unnecessary to the decision.

* See Act of June 28, 1940, § 2(a) (1) and (3), 54 Stat. 670, 18 U.S.C.A. §§ 371, 2385.