William SENTNER, Appellant,

v.

UNITED STATES of America,
Appellee.

Dorothy Rose FOREST, Robert Manewitz,
James Frederick Forest, and Marcus
Alphonse Murphy, Appellants,

v.

UNITED STATES of America,
Appellee.

Nos. 15097, 15098.

United States Court of Appeals
Eighth Circuit.

April 4, 1958.

Sydney L. Berger, Evansville, Ind. (R. L. Witherspoon, St. Louis, Mo., was with him on the briefs) for appellant William Sentner.

Mary M. Kaufman, New York City, for appellants Dorothy Rose Forest and Robert Manewitz.

James Frederick Forest, appellant, pro se, on briefs.

Marcus Alphonse Murphy, appellant, pro se, on briefs.

Eugene H. Buder and Benjamin Roth, St. Louis, Mo., filed brief of St. Louis Civil Liberties Committee, amicus curiae.

B. Franklin Taylor, Jr., and Victor C. Woerheide, Attys., Dept. of Justice, Washington, D. C. (Harry Richards, U. S. Atty., St. Louis, Mo., and Harold D. Koffsky, Carl G. Coben, John F. Lally, Washington, D. C., Leonard J. Felzenberg, Newark, N. J., and John C. Keeney, Attys., Dept. of Justice, Washington, D. C., were with them on the briefs), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The appellants, who will be referred to as "defendants", were tried and convicted of conspiracy (18 U.S.C. § 371) to violate the Smith Act (18 U.S.C. § 2385). The indictment, which was filed September 24, 1952, charged them with conspiring (1) to advocate and teach the duty and necessity of overthrowing the Government of the United States by force and violence as soon as circumstances should permit, and (2) to organize and help to organize as the Communist Party of the United States a group of persons to teach and advocate the violent overthrow of the Government. At the trial, the Government adduced evidence in support of these charges. The case was submitted to the jury, and it found the defendants guilty as charged in the indictment. They were sentenced on June 4, 1954. On that day the defendant Sentner filed a separate notice of appeal, and the other defendants filed a joint notice.

The appeals were submitted to this Court at its May, 1956, session. Decision was deferred pending the determination by the Supreme Court of the cases of Yates v. United States, Schneiderman v. United States, and Richmond v. United States, in which certiorari had been granted. Those cases were decided on June 17, 1957, adversely to the United States. Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356. The Supreme Court ordered the acquittal of five of the petitioners, and held that the nine others might be retried. At page 328 of 354 U.S., at page 1081 of 77 S.Ct.

After the Yates decision and on June 28, 1957, this Court vacated the original submission of these appeals and set them down for reargument at its September, 1957, session. The appeals were then resubmitted on oral argument and supplemental briefs.

The defendants contend that, under the decision in the Yates case, they are entitled to be acquitted by this Court upon the ground that the evidence upon a new trial "would be palpably insufficient" to sustain their conviction. (See at page 328 of 354 U.S. at page 1081 of 77 S.Ct.) The Government concedes that the defendants are entitled to a new trial because of the ruling of the Supreme Court in the Yates case that the three-year statute of limitations against the "organizing" charge ran from the time the Communist Party was formed or reconstituted in 1945. The Government denies, however, that the defendants are entitled to be acquitted by this Court on the charge of conspiracy to "advocate and teach."

The defendants are all persons who have been prominently identified with, and have been active in, the Communist movement in Missouri. Whether, upon a new trial, the Government can produce evidence which, under the teachings of the Yates decision, will make the question of their guilt or innocence of conspiring to advocate and teach the necessity of overthrowing the Government of the United States, within the meaning of the Smith Act, one of fact for the jury, we shall not attempt to predict.

When a United States Court of Appeals reverses a criminal case on the ground of the inadequacy of the evidence to sustain a conviction, the Court is not required to direct a judgment of acquittal, even though the defendant has moved for one, but may direct a new trial. Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335; Yates v. United States, supra at page 328 of 354 U.S. at page 1081 of 77 S.Ct. The defendants here, as in the Yates case, had moved, in the alternative, for a new trial.

In Bary v. United States, 248 F.2d 201, the United States Court of Appeals for the Tenth Circuit was confronted with the question whether some or all of the defendants in a similar case should be acquitted or should be granted merely a new trial. That court concluded that, under the evidence in that case, the defendants should be retried because of the failure of the trial court to withdraw from the jury the charge of conspiracy to organize the Communist Party. (At page 214 of 248 F.2d.)

In United States v. Kuzma, 249 F.2d 619, 622, the United States Court of Appeals for the Third Circuit, in a similar case, directed the entry of a judgment of acquittal as to four of the appellants, two of whom the Government, upon a re-appraisal of its evidence, conceded it could not convict upon a retrial. The court granted leave for further proceedings as to five other appellants.

We are of the opinion that the defendants here are entitled to nothing more than a new trial. It is reasonable to assume that if Government counsel should conclude that, under the strict standards established by the Yates case (see also United States v. Silverman, 2 Cir., 248 F.2d 671, certiorari denied 355 U.S. 942, 78 S.Ct. 427, 2 L.Ed.2d 422), a retrial of this case will be futile with respect to some or all of the appellants, the Government will promptly so advise the District Court, which can then take such action as may be called for. We are con-

**312**

vinced that this Court should not undertake to forecast whether, upon a retrial of the defendants, the Government can or cannot produce evidence sufficient to sustain a verdict of guilty.

The District Court will be in a position to deal with undue delay, if any, by the Government in the further prosecution of the defendants.

The judgments appealed from are reversed, and the cases are remanded with directions to grant the defendants a new trial.