256 F.2d 79
 Joseph BRANDT, Appellant,
v.
UNITED STATES of America, Appellee.
Lucille BETHENCOURT, Appellant,
v.
UNITED STATES of America, Appellee.
Martin CHANCEY, Appellant,
v.
UNITED STATES of America, Appellee.
Frank HASHMALL, Appellant,
v.
UNITED STATES of America, Appellee.
Anthony KRCHMAREK, Appellant,
v.
UNITED STATES of America, Appellee.
George WATT, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 13083-13088.
 United States Court of Appeals Sixth Circuit.
 May 23, 1958.
 
 Warren M. Briggs, and Ralph Rudd, Cleveland, Ohio, for appellants.
 Sumner Canary, Cleveland, Ohio (Philip R. Monahan Carl G. Coben, Cyril S. Wofsy, John F. Middleton, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.
 Before MARTIN, McALLISTER, and STEWART, Circuit Judges.
 McALLISTER, Circuit Judge.
 
 
 1
 In a jury trial lasting approximately fourteen weeks, the six appellants, Joseph Brandt, Lucille Bethencourt, Martin Chancey, Frank Hashmall, Anthony Krchmarek, and George Watt, were convicted of conspiring to violate the Smith Act, 18 U.S.C.A. § 2385, (1) by unlawfully, willfully, and knowingly advocating and teaching the duty and necessity of overthrowing and destroying the Government of the United States by force and violence, with the intent of causing such overthrow and destruction as speedily as circumstances would permit; and (2), by unlawfully, willfully, and knowingly organizing, as the Communist Party of the United States, a society, group and assembly of persons, who teach and advocate the overthrow and destruction of the government of the United States by force and violence with the intent of causing such overthrow as speedily as circumstances would permit. Four other defendants, who were tried at the same time, Robert Alfred Campbell, Joseph Michael Doughner, Elvadore Claude Greenfield, and Frieda Zusker Katz, were found not guilty by the verdict of the jury.
 
 
 2
 On the trial, the government introduced evidence in support of the charges set forth in the indictment. The appellants have all been prominently identified with the Communist Party in the United States. Brandt, Bethencourt, Chancey, Hashmall, and Krchmarek were officials in the Communist Party in Ohio. Watt was secretary of the highest disciplinary body of the Communist Party in the United States, and for a number of years, was a party official in Pennsylvania.
 
 
 3
 However, after the verdict of the jury in the instant case, and pending the appeal to this Court, the Supreme Court handed down its opinion in Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356, and, as a result thereof, the Government here conceded that under the decision in the Yates case, a new trial is required, since the District Court failed to remove from the consideration of the jury the second charge in the indictment that appellants had organized to teach and advocate the overthrow of the government by force and violence.
 
 
 4
 Appellants here insist that they are entitled to be acquitted by this Court for insufficiency of the evidence to sustain the convictions; but appellee, while admitting that the "organizing" charge cannot be maintained, denies that appellants are entitled to an acquittal of the other charge of conspiracy to advocate and teach the overthrow of the government, as set forth in the indictment.
 
 
 5
 Aside from the "organizing" phase of the case, we find no error in the conduct of the trial or the instructions to the jury. The trial court properly overruled appellants' motion to dismiss the indictment on the ground that the jury box contained less than the required number of names of qualified persons at the time the grand jury was drawn; and it did not err in denying appellants' motion to be tried by the court without a jury, in the absence of consent thereto by the government.
 
 
 6
 With respect to appellants' contention that they are entitled to be here acquitted because of insufficiency of the evidence, this Court cannot, at the present time, arrive at any conclusion as to whether, upon another trial, the government will be able to produce evidence which, in view of the Yates decision, will make the question of appellants' guilt of conspiring to advocate and teach the necessity of overthrowing the government of the United States, within the meaning of the Smith Act, one of fact for the jury.
 
 
 7
 When a United States Court of Appeals reverses a District Court in a criminal case because the evidence is not sufficient to sustain a conviction, and the defendant had made all proper and timely motions for acquittal and for a new trial in the District Court, the Court of Appeals is not required to direct a judgment of acquittal, but may direct a new trial. Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335.
 
 
 8
 It is true that, in the Yates case, after the reversal of the judgment of convictions by the Supreme Court, the indictment was dismissed. But that dismissal was upon the Government's motion, which was based upon the ground that the prosecution "cannot satisfy the evidentiary requirements laid down by the Supreme Court in its opinion reversing the convictions" in Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064. See United States v. Yates, D.C.S.D.Cal., 158 F.Supp. 480, 481. As was said in a similar case: "It is reasonable to assume that if Government counsel should conclude that, under the strict standards established by the Yates case (see also United States v. Silverman, 2 Cir., 248 F.2d 671, certiorari denied 355 U.S. 942, 78 S.Ct. 427, 2 L.Ed.2d 422), a retrial of this case will be futile with respect to some or all of the appellants, the Government will promptly so advise the District Court, which can then take such action as may be called for. We are convinced that this Court should not undertake to forecast whether, upon a retrial of the defendants, the Government can or cannot produce evidence sufficient to sustain a verdict of guilty." Sentner v. United States, and Forest v. United States, 8 Cir., 1958, 253 F.2d 310, 311.
 
 
 9
 It should not escape the observation of the profession that seven prominent lawyers of the bar of Cleveland, Ohio, were assigned by the District Court as counsel for appellants and their codefendants on the trial of this long and difficult case, and that two of these lawyers were appointed by this court to represent the appellants here. All counsel were unsympathetic with, and opposed to Communism and Communist philosophy, but during fourteen weeks of trial, as Judge McNamee stated in open court — and in the briefing and argument of these appeals — counsel conducted themselves in a manner that comports with the great traditions of the American Bar. Moreover, members of the Cleveland Bar Association, in spite of their antipathy to Communism, made financial contributions so that such counsel would receive some compensation for their services. It should equally be noted that the District Attorney, Mr. Canary, together with his assistant, Mr. McCusty, received public acknowledgment from the court for the forceful, clear, and able manner of presentation and their successful argument of the Government's case, and, as the trial court said, they deserve the gratitude of the community.
 
 
 10
 The judgments are reversed, and the case is remanded to the District Court for a new trial.
 
 
 11
 STEWART, Circuit Judge (concurring).
 
 
 12
 Widely divergent views have developed as to the true import of Yates v. United States, 1957, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356. Compare United States v. Silverman, 2 Cir., 1957, 248 F.2d 671 and Fujimoto v. United States, 9 Cir., 1958, 251 F.2d 342 with Wellman v. United States, 6 Cir., 1958, 253 F.2d 601; Bary v. United States, 10 Cir., 1957, 248 F.2d 201 and dissenting opinion in United States v. Silverman, 248 F.2d at page 687, and with United States v. Kuzma, 3 Cir., 1957, 249 F.2d 619; Sentner v. United States, 8 Cir., 1958, 253 F.2d 310, and concurring opinion in Wellman v. United States, 253 F.2d at page 609.
 
 
 13
 In my opinion the present record does not contain sufficient evidence to support a conviction for conspiracy to advocate action of the kind required by Yates. My concurrence is based upon the belief that the record does contain enough to justify this court in affording the government an opportunity to determine whether to retry the appellants. The government's decision will, of course, be made with the knowledge that all of its evidence must be channeled into the "advocacy" rather than the "organizing" charge, and with the further knowledge that the evidence must show not that the appellants conspired to advocate forcible government overthrow as an abstract idea, but to incite action to that end.