**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David RATKE and Monroe Caine,**
**Defendants-Appellants.**

**No. 14993.**

United States Court of Appeals
Sixth Circuit.
April 16, 1963.

226

Milton A. Bass, New York City (Bass & Friend, Solomon H. Friend, New York City, on the brief), for appellants.

William H. Merrill, Chief Asst. U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

■ Defendants-Appellants, David Ratke and Monroe Caine, were convicted by a jury of violation of Title 18 U.S.C.A. § 1341 (obtaining money by means of false pretenses, etc.). Their motions for direction of acquittal had been denied and, after verdict, their motions for judgment of acquittal notwithstanding the verdict and for a new trial were likewise denied. Judgments were entered upon the verdict. David Ratke was sentenced to prison for a term of one and a half years and fined a total sum of $3,000.00. Monroe Caine was sentenced to prison for one year and fined a total sum of $2,000.00.

Among other grounds asserted by appellants for reversal are their claims that there were errors in the District Judge's charge to the jury, and in his rulings on the admissibility of evidence. We agree.

Because the matters charged as giving rise to errors in the Court's charge, and in the rulings on evidence, are not likely to arise upon a retrial, we deem it unnecessary to review the background to such claimed errors. We are satisfied, however, that the issues were never clearly presented to the jury either by the evidence or by the instructions of the Court.

■ Appellants also attack the sufficiency of the evidence to support the jury's verdict, and ask that we order that a judgment of acquittal be entered. The record before us lacks the clarity needed for adequate consideration of this asserted ground for reversal. The remedy which we may grant upon a reversal, based upon insufficiency of the evidence, is committed to our discretion. Title 28 U.S.C.A. § 2106; Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335; Brandt v. United States, 256 F.2d 79 (CA 6, 1958); United States v. Dunn, 299 F.2d 548, 555 (CA 6, 1962). We, accordingly, do not pass on this question, but choose to grant a new trial.

Judgment reversed and a new trial ordered.