**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leslie John LENHARD, Defendant-Appellant.**

**No. 325, Docket 34892.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 18, 1970.

Decided Dec. 11, 1970.

William J. Cotter, Buffalo, N. Y., for appellant.

Richard J. Arcara, Asst. U. S. Atty. (H. Kenneth Schroeder, Jr., U. S. Atty. for Western District of New York, on the brief), for appellee.

Before KAUFMAN, HAYS and GIBBONS,* Circuit Judges.

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

HAYS, Circuit Judge:

Defendant appeals from a judgment of conviction rendered on March 9, 1970 after trial without a jury in the United States District Court for the Western District of New York, for wilfully and knowingly failing to obey an order of his draft board to report and submit to induction into the armed forces in violation of 50 U.S.C. App. § 462 (1964).

Defendant registered for the draft on May 26, 1965, at which time he was given a 1-A classification. He subsequently requested and received a 2-S classification which he held until October 17, 1967. A change in his student status precipitated a reclassification to 1-A on October 18, 1967; at this time, defendant failed to exercise any of his appeal rights. Pursuant to an order of his board, defendant reported for a physical examination on January 4, 1968; a notification of his acceptability was mailed on the same day. On February 2, 1968, defendant submitted an Application for Conscientious Objector, SSS 150, to his local board.

The board requested defendant to appear for an interview on February 27, 1968. Defendant called and said he might not be able to appear because he had sprained his ankle. He did not appear. The board then asked him to attend a board meeting on May 21, 1968. He again failed to appear. The board then requested his appearance on July 16, 1968. Once more he did not appear. On neither of the last two occasions did defendant communicate with the board or seek to explain his failure to respond to the board's notice. On August 23, 1968, the board sent defendant a notice of his 1-A classification addressed to him at his last known address in Buffalo. The notice was returned as undeliverable. On September 5, 1968 the board learned of defendant's new address in California and the notice was sent to him there. Defendant appealed his classification but on February 19, 1969, the appeal board classified him 1-A. Defendant was ordered to report for induction on May 21, 1969. Although he did

report to the Armed Forces Examining and Induction Station on that date, he left the induction center before completing his processing and consequently was not inducted into the armed forces.

Defendant raised the issue of his conscientious objector status at his trial. No member of the local or appellate board testified at the trial. No minutes or memoranda of either of those boards were introduced, nor were any reasons advanced for the denial of defendant's request for conscientious objector status.

This sequence of events indicates that the board's action in this case is not to be judged by the standards governing a conscientious objector claim that has matured after the receipt of an induction notice. Compare Paszel v. Laird, 426 F.2d 1169 (2d Cir. 1970) and Capobianco v. Laird, 424 F.2d 1304 (2d Cir. 1970) with United States v. Morico, 415 F.2d 138 (2d Cir. 1969) and United States v. Deere, 428 F.2d 1119 (2d Cir. 1970). However, a common thread runs through all of these cases, regardless of what standard is to be applied in reviewing the action of the local and appellate boards. "[I]t is important for courts to know the ground upon which the board acted." Paszel v. Laird, *supra* 426 F.2d at 1175 (footnote omitted). Court review "must be meaningful in the sense that it must encompass a record from which a court can determine whether there was a basis in fact for decision, what that basis was and whether the board applied the correct legal standard." United States v. Morico, *supra* 415 F.2d at 143. Such a record has not been presented in this case.

In *Morico*, which upheld a conviction against a challenge based in part on the failure of the board to apprise the defendant of its reasons for refusing to reclassify, there was testimony by the chairman of the state appeals board, the minutes of the local board's proceedings were introduced and the recommendations of the Department of Justice were put in the record. In contrast, the court in *Deere* found itself "wholly unin-

formed as to why the Local Board denied Deere's claim" though the secretary of the local board had testified at trial. United States v. Deere, *supra* 428 F.2d at 1122. Not even this minimal effort to state the reasons for denial was made in this case. Consequently, we cannot affirm the conviction. As we indicated in *Deere*, however, "we are not required to take the polar position of reversing with instructions to dismiss the indictment." *Id*. If, on remand, the government can show the board's reason for denying Lenhard's application—such as its disbelief in his sincerity, or its conclusion that his beliefs, though sincere, did not qualify him for conscientious objector status—and if denial upon that ground has a basis in fact, the conviction may stand. Otherwise, the conviction must be set aside and the indictment dismissed.

The case is remanded for this purpose.

GIBBONS, Circuit Judge (dissenting):

I concur in the court's decision to reverse appellant's conviction, but I dissent from that part of the decision remanding the case for further testimony.

Prior to July, 1967 administrative review of Local Board rejections of conscientious objector claims followed a different path from that of other claims. Appeal from such a denial was followed by an F.B.I. investigation, a hearing before the Department of Justice at which the registrant was permitted to be heard on the "character and good faith" of his conscientious objections, an advisory recommendation by the Department, and an opportunity for the registrant to file a written reply to this recommendation with his appeal board. See United States v. Broyles, 423 F.2d 1299, 1305–1306 (4th Cir. 1970). The decisions in United States v. Deere, 428 F.2d 1119 (2d Cir. 1970), and United States v. Gearey, 368 F.2d 144, 151 (2d Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967), which authorize the remand procedure followed here arose under the pre-1967 statutory scheme. Cf. Paszel v. Laird, 426 F.2d 1169 (2d Cir. 1970) (remand for hearing in a habeas corpus case). This case presents quite a different problem.

Under the 1967 amendment to the Selective Service Act, administrative review of conscientious objector claims was removed from the Justice Department and is now processed through ordinary State Appeal Board channels. The Appeal Board's review is restricted to the record before the Local Board, 32 C.F.R. § 1626.24(b) (1). The only additional matter which may be considered is a written statement by the registrant specifying why he believes the Local Board erred. 32 C.F.R. § 1626.12. Thus pre-1967 administrative review of conscientious objector claims included *de novo* investigation, *de novo* opportunity to be heard, a requirement for a written recommendation, and an opportunity to reply to that recommendation. Now all that is left is an opportunity to submit a written statement of reasons why the registrant believes the Local Board erred. It is hard to see what he could say to the Appeal Board when he has no more notion than we have of the basis for the Local Board's action.

In Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955), a conscientious objector case which arose under the pre-1967 statute, the registrant contended that his classification was invalid because he was not furnished a copy of the Justice Department's recommendation to the Appeal Board and afforded an opportunity to reply thereto. The Supreme Court reversed his conviction and said:

Just as the right to a hearing means the right to a meaningful hearing, United States v. Nugent [346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417], *supra;* Simmons v. United States, *supra,* so the right to file a statement before the Appeal Board includes the right to file a meaningful statement, one based on all the facts in the file and made with awareness of the recommendations and arguments to be countered. 348 U.S. at 415, 75 S.Ct. at 413.

By the 1967 amendment Congress removed the Justice Department from the picture and thereby removed from the picture the administrative procedural requirements held by Gonzales v. United States, *supra*, to be a prerequisite to a valid induction order.

In this case we hold that the absence of an indication in the file of the Local Board's reasons for rejecting appellant's conscientious objector claim makes meaningful judicial review impossible. How, then, was meaningful administrative review possible at the Appeal Board level? And if the registrant was not afforded an opportunity for such review, how can his conviction stand, in view of Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970)? That case reversed a conviction where a Local Board had, in the guise of refusing to reopen, rejected a *prima facie* claim for reclassification and thereby deprived the registrant of an administrative appeal. The Court said:

> Because of the narrowly limited scope of judicial review available to a registrant, the opportunity for full administrative review is indispensable to the fair operation of the Selective Service System. 398 U.S. at 416, 90 S.Ct. at 1771.

In *Gearey*, where the remand procedure, which we now follow, was adopted, and in *Deere*, prosecutions arose under a statute and regulations which complied with the administrative appeal requirements of Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed.2d 453 (1955) and Gonzales v. United States, *supra*, and the induction orders were presumptively valid. By holding that testimony in a criminal case is a sufficient substitute for reasons, and an opportunity to meet those reasons before the Appeal Board, we are holding that the 1967 amendment to the Selective Service Act in effect eliminated the requirement for meaningful administrative appellate review in conscientious objector cases. That result is unwarranted, for it seems clear to me that meaningful administrative appellate review is the due process *quid pro quo* for postponing judicial review until a criminal case or a post-induction habeas corpus case. Mulloy v. United States, *supra*.

Moreover, the remand procedure adopted in *Gearey* and *Deere* has double jeopardy aspects which are disturbing, for we are permitting the government to reopen its criminal case and furnish evidence of facts beyond those which were the basis for the indictment. We now hold that the Local Board must state reasons for its action before appellant can be convicted. It had not stated those reasons before appellant was ordered to report for induction, or before he was indicted. Yet the decision permits the government a second bite at the apple. I recognize that Forman v. United States, 361 U.S. 416, 425, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960), and Bryan v. United States, 338 U.S. 552, 560, 70 S.Ct. 317, 94 L.Ed. 335 (1950), interpret 28 U.S.C. § 2106 as permitting a retrial even in cases where the defendant would, because of a gap in the Government's proof, have been entitled to a judgment of acquittal. Despite these authorities, I have difficulty understanding why permitting the Government a second opportunity to avoid a judgment of acquittal because it failed to prove all necessary elements of the offense does not put the defendant twice in jeopardy. I have even greater difficulty understanding why their authority should be extended to permit the Government not only to remedy a defect in the proof required for a *prima facie* case, but also to remedy a defect in the administrative process on which the validity of the criminal charge depends.

I would reverse the conviction.