**1360**

John Ralston McLAIN

v.

Kenneth BARSTOW, Commanding AFEES, 640 Chapel Street, New Haven, Connecticut.

Civ. No. 14111.

United States District Court, D. Connecticut.

June 22, 1971.

Karl Fleischmann, Satter & Fleischmann, Hartford, Conn., for plaintiff.

Stewart H. Jones, U. S. Atty., Barry Cutler, Asst. U. S. Atty., New Haven, Conn., for defendant.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

On November 30, 1970, petitioner McLain was inducted into the Army pursuant to an order issued by Local Board No. 1, Hartford, Connecticut. He immediately filed a petition for a writ of habeas corpus, claiming that he is being unlawfully detained because the Board improperly refused to reopen his I–A–O classification upon his request to reclassify him into I–O as a conscientious objector.

### I.

McLain originally registered with Local Board No. 194, Springfield, Illinois, and repeatedly was reclassified II–S while he was a college undergraduate and a law student. In July of 1969 he applied for and later was granted a I–A–O classification. On his Application for Conscientious Objector, SSS 150, and in his interview with the members of the Board, McLain indicated that although he was opposed on religious grounds to killing other human beings, he was willing to serve in the armed forces as a noncombatant.

On April 16, 1970, McLain was ordered to report for noncombatant training. He immediately requested a postponement "to get all (his) affairs cleared up" and to obtain a final decision on his application for assignment to the Army J.A.G. program. The Board granted the postponement and reordered him to report for induction on June 18, 1970. On May 22, 1970, he asked for another delay in order to take his bar examination. The Board rescheduled his induction for July 9, 1970. On July 7, 1970, McLain wrote to the Board advising he had remarried, and that he wished another Form 150 to apply for a I–O classification. His induction again was postponed and he returned the completed Form 150 with supporting letters on August 12, 1970.

In his letter of July 7th, McLain indicated that although he held sincere moral beliefs against the military for a number of years he belatedly was requesting a I–O because of a recent decision by the Supreme Court which permitted a I–O classification based on moral as wall as religious grounds. He

also stated his aversion to the military was heightened by his recent association with various anti-war groups, and that his I–A–O classification no longer was satisfactory because noncombatants more actively support combatants than he had realized when he applied for his I–A–O classification.

After notifying McLain that a "courtesy interview" would not be necessary, the Board considered his case on August 21, 1970, and determined not to reopen his classification. He was reordered to report for induction on September 23, 1970. On September 17, 1970, he requested a transfer of induction to Hartford, Connecticut, which was granted. Two more postponements were granted for medical reasons, and, on November 30, 1970, McLain submitted to induction and immediately filed the present habeas corpus petition.

On February 26, 1971, at the evidentiary hearing before this Court, McLain's Selective Service file was introduced and a member of the Board, William P. Roberts, testified to the standard the Board applied in considering McLain's application and the reasons for refusing to reopen his classification. See United States v. Morico, 415 F.2d 138 (2 Cir. 1969), vacated 399 U.S. 526, 90 S.Ct. 2230, 26 L.Ed.2d 776 (1970) (per curiam); compare, United States v. Lenhard, 437 F.2d 936 (2 Cir. 1970). Roberts stated that the members of the Board were of the opinion that there was very little change, if any, in McLain's beliefs, that any such change was from circumstances within his control, that his beliefs were long standing, that the statements made in his Form 150 were contradicted by other information in the file, and that, in any event, there was considerable doubt concerning McLain's sincerity.

## II.

It seems clear that the principles established in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625,

decided by the Supreme Court on April 21, 1971, govern the disposition of the instant case. *Ehlert* held that the phrase "circumstances over which the registrant had no control" is limited to "objectively identifiable" and "extraneous" events (such as an injury to the registrant or a death in his family making him the sole surviving son), and, therefore, does not include changes in beliefs. 402 U.S. at 104–105, 91 S.Ct. 1319, 1323. The Supreme Court further recognized that late crystallized claims of conscientious objection could be presented while the registrant was in service, and that "requiring those whose conscientious objection has not crystallized until after their induction notices to present their claims after induction would work no deprivation of statutory rights, so long as the claimants were not subjected to combatant training or service until their claims had been acted upon." 402 U.S. at 103, 91 S.Ct. at 1322–1323.

■ The petitioner, therefore, is required to present his conscientious objector views to the Army I–O Conscientious Objector Review Board. Since he has been classified I–A–O there is no danger that he will be subjected to combatant training or service before he has an opportunity to obtain a ruling from the Army. Habeas relief must be denied.

## III.

■ McLain contends that judicial intervention is warranted because the Board refused to grant him a "courtesy interview," thereby depriving him of due process. The Court disagrees. While the Board may grant a courtesy interview to a registrant who requests a reopening, it is not mandatory that it do so. Cf. United States v. Harris, 436 F. 2d 775, 777 (9 Cir. 1970); Rusk v. United States, 419 F.2d 133, 136 (9 Cir. 1969); Murray v. Blatchford, 307 F. Supp. 1038, 1055–1056 (D.R.I.1969).

There is no indication that the Board abused its discretion in this case.

Accordingly, the petition for a writ of habeas corpus is denied.