**Alexander WARREN, Petitioner,**

v.

**Melvin R. LAIRD, as Secretary of Defense, et al., Respondents.**

**No. 71 Civ. 2512.**

United States District Court,
S. D. New York.

Aug. 11, 1972.

Levy, Gutman, Goldberg & Kaplan, New York City, for petitioner; Jeremiah S. Gutman, Donald L. Doernberg, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., S. D. of N. Y., New York City, for respondents; Joseph P. Marro, Special Asst. U. S. Atty., of counsel.

## OPINION

COOPER, District Judge.

Petitioner moves for a preliminary injunction and a writ of *habeas corpus* releasing him from the custody of respondents.[1] Motion granted.[2] Arlen v. Laird, 345 F.Supp. 181 (S.D.N.Y. 1972).

### I Facts

Petitioner is a Second Lieutenant in the United States Army Reserve (Reserves) not currently assigned to a particular reserve unit and awaiting orders to report for active duty.

Petitioner was a member of the Reserve Officers Training Corps (R.O.T. C.) for four (4) years while pursuing undergraduate studies at the University of Pittsburgh. Orders to active duty were deferred until petitioner completed his graduate studies at Columbia University. While in attendance there, petitioner submitted an application to resign his commission; this request was denied by the Army on March 19, 1970.

On June 17, 1970, petitioner filed an application for discharge from the Reserves as a conscientious objector relying on provisions of Army Regulation (AR) 135–25. Petitioner was not given the required interviews by the Army's own designees, the chaplain, the psychiatrist and the hearing officer, until October 29, 1970.

The application and accompanying interview reports were then forwarded to his nominal commanding officer, United States Army Reserve Components Personnel Center, located at Fort Benjamin Harrison, Indiana, the centralized headquarters to which all Inactive Reserve Officers are assigned for administrative purposes. Despite numerous requests for information, petitioner was not informed of the recommendations of the interviewing officers until April, 1971 when he was given only a copy of the report of the hearing officer. It stated that petitioner's sincerely held religious beliefs made him a conscientious objector to participation in war in any form and recommended he be discharged from the Army for the convenience of the Government. (see Hearing Officer's Report, p. 7.)

Referring to petitioner's opinions on war and peace the Chaplain found, and so stated in a signed written statement: "These opinions, nevertheless seem to be rooted in serious thought and conviction."

As to the Psychiatrist, we find that in a signed written statement dated November 23, 1970, he reported:

"He presents as a sincere sounding young man with no evidence of psychiatric illness or disease  .  .  . The individual is mentally responsible. He is able with respect to a particular act to distinguish right from wrong according to the standards of his current society and to adhere to the right. He has the mental capacity to understand the nature of board proceedings and to cooperate in his own defense."

Nonetheless, petitioner's immediate commander recommended disapproval of his application. On May 25, 1971 petitioner's application for discharge was disapproved by the Department of the Army Conscientious Objector Review Board (CORB) without any further interview of petitioner. On May 13, 1971, the Convening Authority approved the

---

1. A stay of any orders activating petitioner was consented to; the effect is that pending determination of this motion petitioner will not be ordered to active duty.

2. This opinion constitutes our findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

recommendation of CORB. On June 2, 1971, petitioner was ordered to report for active duty commencing June 15, 1971.

## II Jurisdiction

This Court has jurisdiction to determine the within claims. Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972).

## III Prima Facie Case

■ An applicant for discharge as a conscientious objector bears the burden of establishing at least a *prima facie* case. This burden is met when non-frivolous allegations of facts are presented and no adverse demeanor evidence has been introduced or called from the applicant's file. Lovallo v. Resor, 443 F.2d 1262, 1264 (2d Cir. 1971). See also United States v. Gearey II, 379 F. 2d 915, 922 n. 11 (2d Cir. 1967).

Petitioner's claim is essentially religious in nature. He was brought up as a member of the Jewish faith and attended Hebrew School as a child. However, as he states in his application, it was not until a close friend died that he began to examine the underlying nature of his beliefs and came to realize that for him war in any form is morally wrong.

> My religious training tells me that to be a good Jew, I must help, not destroy. I cannot participate in any war that massacres people because of different political beliefs, different color, or different idealogies. To be true to myself and my religious beliefs, I must be a conscientious objector. (Application for Discharge, Exhibit C of petition, page 13.)

Further evidence of the nature of petitioner's belief can be found in the memorandum of the hearing officer who stated in his recommendation:

> 2) In the view of the interviewing officer, Lt. Warren is conscientiously opposed to participation in war in any form and conscientiously opposed to participation in both combatant and non-combatant training and duty in the Armed Forces.
>
> 3) I believe that Lt. Warren sincerely feels his views as written and expressed in his interview with me.
>
> 4) Lt. Warren meets in the opinion of the officer, the criteria set forth in AR 135–35. . . .
>
> (See Exhibit E of Petition, page 2)

■ The record before us does not contain any affirmative evidence contradicting petitioner's statement of conscience. Certainly, the claim is not "plainly incredible" nor one which "even if true . . . would not warrant reclassification." Mulloy v. United States, 398 U.S. 410, 418 n. 7, 90 S.Ct. 1766, 1772, 26 L.Ed.2d 362 (1970); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). *Also compare* "Findings", ¶¶ 2(a), (b), n. 3, *supra*.

## IV Basis in Fact

■ While it may be determined that an applicant is not sincere, such a finding must be predicated "upon objective evidence affording a rational basis for the Board's refusal to accept the validity of the applicant's claims. . . . Absent such evidence, the military's administrative determination lacks a 'basis in fact' . . '.'" Lovallo v. Resor, *supra*, 443 F.2d at 1264–1265. See also Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946). There is no basis in fact for the CORB finding before us.[3]

3. "6. Findings: Having carefully considered the facts and documents submitted by LT Alexander E. Warren, 197–34–9938 incidental to his request for discharge as a conscientious objector (I–O) the Board finds: That the documentation submitted fails to qualify the applicant as a conscientious objector (classification I–O).

a. In reviewing this application, The Board considered every aspect of LT Warren's written application; letters from interested parties presented in support of his claim; and the opinions ex-

CORB recommended denial of petitioner's application relying in part on the ground that "petitioner had never performed any sacrifices on behalf of his alleged beliefs." The law does not make imperative such a requirement. Compare 50 U.S.C. App. § 456(j).

"Surely, one does not have to be an activist or a troublemaker in order to be a conscientious objector." Thomas v. Salatich, 328 F.Supp. 18, 25 (E.D. La.1971).

The absence of positive action and sacrifice in support of one's beliefs is not a fact to be relied upon particularly where the petitioner has made out a *prima facie* case of eligibility for discharge. Keen v. Laird, 335 F.Supp. 824, 829 (D. Colo.1971).

While petitioner indicated that he would engage personally in the use of force under certain specified circumstances, he limited it in scope and to situations that were essentially unavoidable. He makes clear his obligation to use the minimum amount of force possible, and then only on an individual level ". . . upon carefully selected individuals who personally and individually pose the danger to be prevented." (Application, ¶ 2(d), pp. 13, 14.)

Unlike a true conscientious objector, he advocated defense of self and others by any degree of violence necessary under the circumstances, even killing. [Statement of the CORB].

Unlike a true pacifist, the applicant states that he would kill an assailant if it were the only way to stop him. [Statement of the Commanding Officer].

The statements of CORB and the Commanding Officer do not accurately reflect the application; the wrong standard was applied. United States v. Purvis, 403 F.2d 555 (2d Cir. 1968).

We find particularly pertinent:

"Furthermore, the interviewers independently concluded that petitioner was sincere after observing him and judging his credibility. There seems to be no reason to distrust their judgment. No showing was made that they lacked objectivity or expertise, nor, for that matter, were they shown the error of their ways. What is at the heart of this matter is a disagreement by CORB with its interviewing authorities. But it cannot override the decisions of its experts without the need of finding insincerity based

---

pressed by the unit commander, interviewing Chaplain, Hearing Officer, and Military Medical Officer.

b. The Board unanimously believed that LT Warren's alleged conscientious objector beliefs are not sincerely held; are not grounded in religious training and belief (to include strongly held moral and ethical convictions); and any objection to war in any form he might truly hold is based solely on: consideration of policy, pragmatism and expediency. In accordance with paragraph 5c AR 135–25, the latter three reasons are grounds for disqualification of a conscientious objector application if such reasons constitute the sole basis for the conscientious objector claim. The Board's denial recommendation is based on, but not limited to, the following points.

(1) General—Petitioner had never performed any sacrifices on behalf of his alleged beliefs.

(2) Basic application—

(a) Page 4—His alleged views were shown as an objection to national policy,

not a moral concern. "Wars are fought to gain political objectives." "The important thing is that I do not believe in killing people, to gain a political advantage, or prove a political or any point."

(b) Paragraph 2b—The discussion herein failed to relate sources of training and belief directly related to the concept of conscientious objection.

(c) Paragraph 2d—Unlike a true conscientious objector he advocated defense of self and others by any degree of violence necessary under the circumstances, even killing.

c. In summary, the Board did not believe that LT Warren was sincere in his stated conscientious objector beliefs, nor was his application founded on lawful grounds. The burden of proof to establish credibility and adherence to the governing law rests solely on the applicant.

7. Recommendations(s): In view of the above findings, the Board recommends disapproval of LT Warren's application for classification as a conscientious objector." Petitioner's Ex. A.

on facts and statements in the record which point inescapably to such a conclusion." Arlen v. Laird, *supra*, 345 F.Supp. at p. 187. See also United States ex rel. Armstrong v. Wheeler, 321 F.Supp. 471, 480 (E.D.Pa.1970). Cf. Grunenthal v. Long Island Railroad Co., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968).

As in *Arlen, supra,* there is before us neither evidence nor any plausible inference to be drawn therefrom which supports a holding that petitioner's beliefs are not sincerely held.

Serving us as guide is Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) where the Court defined the standards to be used in evaluating the conscientious objection: " . . . all those whose consciences, spurred by deeply held moral, ethical, or religious beliefs, would give them no rest or peace if they allowed themselves to become a part of an instrument of war." (at 344, 90 S.Ct. at 1798). The required traditional religious basis for a conscientious objector exemption was totally eliminated in Welsh. *Compare* United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

### V   Scope of Review

█ It is clearly neither our function to sit as a "super" CORB nor to substitute our judgment for that entrusted to authorized panels. Bishop v. United States, 412 F.2d 1064, 1067 (9th Cir. 1969).

█ The Army did not find sufficiently substantial evidence to warrant finding that the timing of petitioner's claim was controlling, relevant or even considered or that " . . . [petitioner's] . . . . objection to war . . . is based solely on consideration of policy, pragmatism and expediency." (¶ 6(b) CORB memorandum). We are to review the actual decision by CORB; " . . . it is not the function of this court to search the record for some basis to affirm the Army's decision when the reasons given therefor are inadequate."

Gresham v. Franklin, 315 F.Supp. 850 (N.D.Cal.1970); *see* Benway v. Barnhill, 300 F.Supp. 483 (D.R.I.1969). *See also* United States v. Lenhard, 437 F.2d 936 (2d Cir. 1970); United States v. Deere, 428 F.2d 1119 (2d Cir. 1970); Hammond v. Lenfest, 398 F.2d 705, 716 (2d Cir. 1968).

In view of the hearing officer's finding of petitioner's sincerity and nothing to the contrary appearing in the record, the Army is indeed "hard pressed to justify its finding of insincerity." United States ex rel. Donham v. Resor, 436 F.2d 751, 754 (2d Cir. 1971). See also *Lovallo, supra,* 443 F.2d at 1264–1265.

█ We cannot go beyond the Board's decision. Timeliness is not the sole ground on which it rests. In any event, no court in this Circuit has ever held that timeliness alone suffices. We decline to even reach the issue; it is unnecessary. A generalized rubric of "other grounds" as means to bolster an otherwise improper decision is impermissible; if permitted it would completely destroy the requirement that "reasons" for the decision be given. Scott v. Commanding Officer, 431 F.2d 1132, 1137 (3d Cir. 1970); United States v. Lemmens, 430 F.2d 619 (7th Cir. 1970); Bishop v. United States, 412 F.2d 1064 (9th Cir. 1969); United States v. Corliss, 280 F.2d 808 (2d Cir. 1960).

The basis of CORB's actions are clear. Accordingly, a remand or hearing would not be appropriate. *Compare* United States v. Gearey, 368 F.2d 144, 151 (2d Cir. 1966). It would serve to encourage less than deliberate behavior by CORB; it would not clarify the prior decision. In other words, we find nothing to alert us to inquire as to the possible existence of a ground or basis for CORB's action other than that which unambiguously appears on the face of its determination.

No basis in fact having been established, petitioner becomes entitled to his remedy. *See also* Oestereich v. Selective Service Board, 393 U.S. 233, 238, 89 S. Ct. 414, 21 L.Ed.2d 402 (1968); Rosen-

gart v. Laird, 449 F.2d 523, 536, n. 10 (2d Cir. 1971) (Lumbard, J., dissenting), reversed on other grounds, 405 U. S. 908, 92 S.Ct. 931, 30 L.Ed.2d 779 (1972).

Settle order on notice.