**UNITED STATES of America, Appellee,**

v.

**Lemuel Leon ORR, Jr., Appellant.**

**No. 506, Docket 72–1864.**

United States Court of Appeals, Second Circuit.

Argued Dec. 22, 1972.

Decided March 13, 1973.

---

7. Hamlet, Act III, Scene i.

Alfred Lawrence Toombs, New York City, for appellant.

John W. Nields, Jr., Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, and George E. Wilson, Sp. Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MOORE, FEINBERG and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal by Lemuel Orr, Jr., from a judgment of conviction entered

on June 14, 1972 after a non-jury trial before Hon. Edward Weinfeld, United States District Judge.[1] Orr was found guilty of unlawfully failing to report for induction[2] into the Armed Forces (50 U.S.C. App. § 462(a)) and was sentenced to a prison term of six months.

Affirmed.

### I.

The evidence shows that appellant registered with Local Board 12 in New York City in September 1969. He also submitted his classification questionnaire (SSS Form 100) in which he asserted a claim for conscientious objector status. On July 2, 1970, the Board mailed to appellant the Special Form for Conscientious Objectors (SSS Form 150). He, however, did not return the form and the Board, on October 27, 1970, classified him I–A, noting on his file "doubt sincere C.O." He was duly notified of his classification and of his right to a personal appearance and an appeal.

On November 18, 1970, appellant made a personal appearance before Board Chairman David Edwards, who prepared a written summary of the interview:

Registrant appeared and was sworn. States he failed to return Form 150 because it was lost or destroyed in a fire. States he is a member of the Muslim religion and has been so for the past 8 or 9 months. He participates regularly in their activities and works in one of their health food stores. Produced membership card.

He claims conscientious objector exemption by reason of his religious beliefs and membership in the Muslim religion that he should not take part in wars which take human lives. However, he states he is not opposed to participation in all wars; that he

would participate in a war in self defense which he thought was a threat to him, his family, his mosque, his loved ones or intimate community. Board believes he is sincere in his beliefs. Registrant informed to complete & return form 150 and consideration to be given upon receipt of same.

Appellant returned SSS Form 150 in which he made the following statement in describing the nature of his belief:

We believe that we who declared ourselves to be rightous [sic] Muslims, should not participate in wars which take the lives of humans. We do not believe this nation should force us to take part in such wars, for we have nothing to gain from it, unless America agrees to give us the necessary territory wherein we may have something to fight for.

On December 16, 1970, the Local Board noted:

Unable to determine sincerity without personal interview. Call in for interview.

Thus, the appellant made a second personal appearance on February 16, 1971. The Board summarized the interview as follows:

Registrant appeared and affirmed to tell the truth. He is a member of Muslim religion. He cannot participate in armed services as his present work is more meaningful. Present wars and conflicts have no value to him.

However, he could participate in a war that has value or meaningful benefit to him. Not eligible for C.O. classification. Reopening not warranted.

Appellant's conscientious objector claim was rejected by the Local Board

---

1. The District Court opinion, filed on May 11, 1972, is reported at 343 F.Supp. 178 (S.D.N.Y.).

2. Orr did not dispute the fact that he intentionally and willfully failed to report for induction. Rather, he claimed that he

had erroneously been denied conscientious objector status under 50 U.S.C. App. § 456(j) which provides that any registrant who "by reason of religious training and belief, is conscientiously opposed to participation in war in any form," is entitled to exemption from military service.

by a vote of 4–0, and on March 25, 1971 the Appeal Board unanimously (5–0) classified him I–A. Appellant was then ordered to report for induction on May 11, 1971. Upon his failure to report, this prosecution was commenced.

## II.

 The issue before a district court reviewing a Selective Service Board's decision to deny a registrant conscientious objector status, is indeed the narrow one of whether or not the Board had a "basis in fact" for that decision. United States v. Seeger, 380 U. S. 163, 185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); Lovallo v. Resor, 443 F.2d 1262 (2d Cir. 1971). It would also seem clear that it was not the intent of Congress that the district judge permit a trial de novo as to whether or not he would classify the registrant as a conscientious objector; rather, Congress intended that the judge decide only whether there was a "basis in fact" for the classification in the Selective Service file. United States v. Lloyd, 431 F.2d 160, 166 (9th Cir. 1970), cert. denied, 403 U.S. 911, 91 S. Ct. 2210, 29 L.Ed.2d 688 (1971). Finally, in applying the tests for conscientious objector status "the Selective Service System must be concerned with the registrant as an individual, not with its own interpretation of the dogma of the religious sect, if any, to which he may belong." Clay v. United States, 403 U.S. 698, 700, 91 S.Ct. 2068, 2070, 29 L.Ed.2d 810 (1971).

In light of these principles we affirm the decision below. The major attack of the appellant here is that the district court erred in failing to recognize the applicability of Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L. Ed. 436 (1955). There the Supreme Court held that the willingness of a Jehovah's Witness to participate in a "theocratic war," in the "Armageddon" where the forces of good would clash with the forces of evil but without "carnal weapons," did not prevent his classification as a conscientious objector. Appellant's scholarly brief and argument on appeal are in effect an attempt to equate the Black Muslim tenets with those of Jehovah's Witnesses in the area of conscientious objection to war. In view of the holdings of the Supreme Court we have referred to, the question is not the tenets of the church but the beliefs of the registrant as expressed to the Board which had the responsibility of classifying him. Judge Weinfeld carefully considered Sicurella in his opinion and there is little we need add to his scholarly analysis.

██ Orr's statement to the Board on his SSS Form 150 provided it with an ample basis in fact to determine that his objection to war, was selective and conditional. He was not opposed to all wars. His willingness to fight in a war was conditioned on America's giving the Black Muslims "the necessary territory wherein [he would] have something to fight for." The appellant now urges that the territory was really theocratic like the Kingdom of Jehovah and the fighting would be without "carnal weapons" but by means of the power of Allah operating through the bodies of his followers. The Board, on the basis of Orr's statement, had the right to consider that the territorial acquisition suggested would be material, not spiritual, and that the "war" to defend it would be conventional. Appellant is relying not on evidence before the Board but on extrapolations of his own testimony before Judge Weinfeld who, although trying the case without a jury, had to caution Orr's counsel on several occasions not to lead the defendant. Orr admittedly did not simply repeat the testimony he had given before the Board but stated that when he had appeared he had just come into the temple and did not have a full understanding of what he said or "should have said." We do not believe that Orr's evolving understanding of what he believes is an appropriate criterion for judging whether or not the Board had a basis in fact for the determination it was required to make from the record before it. Nevertheless, if any error was committed by Judge Weinfeld in permitting the examination of Orr to continue as to his present

views which were not held or articulated at the time of his appearance before the Board, it was not prejudicial to the appellant.

■■■ Appellant contends that the failure of the Appeal Board to provide a "statement of reasons" precludes a meaningful judicial review and the conclusion of Judge Weinfeld that the Appeal Board was not required to state reasons was "plainly erroneous." This contention has no merit. The emerging doctrine in the Selective Service cases, that the Board must furnish reasons, is based on general administrative law principles. SEC v. Chenery Corp., 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626 (1943). We know of no authority which precludes an appellate administrative tribunal from affirming the findings of a subordinate board without restatement.[3] The Local Board's stated reason was in effect that Orr was not "conscientiously opposed to participation to war in any form." Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L. Ed.2d 168 (1971). Had the Local Board proceeded on more than one ground and if one of them was in fact invalid, a simple affirmance would make it impossible for a court to determine the basis of the decision.[4] No such problem exists here.

■■■ Appellant argues further that the Local Board erred by finding that Orr's willingness to use force to defend himself, his mosque, his loved ones or intimate community "foreclosed him from the C.O. exemption." While the use of force to repel an assailant or an attack on one's family or friends would not be inconsistent with conscientious objector status, United States v. Purvis, 403 F.2d 555, 563 (2d Cir. 1968), there is nothing in the record to suggest that the Board based its decision on this position. As Judge Weinfeld pointed out in his opinion below the only mention made by Orr of his willingness to fight in a war in self defense, was in his November 18, 1970 appearance before the Board. It was after this appearance that the Board provided him with a C.O. form (SSS Form 150) advising him to fill it out and that consideration would be given upon its receipt. The Board did not deny him C.O. status on the basis of this view. It was only after he returned the form and the Board called him back for a second personal interview on February 16, 1971 that he was denied C.O. status. The Board then clearly indicated that its reason was that Orr was willing to participate in a war which had "value or meaningful benefit to him", *i.e.*, to defend territory given by America to the Black Muslims.

■■■ Appellant's argument that the Board based its decision on the erroneous "self defense" position, is based not on the record but on Chairman Edwards' testimony before the Court regarding the Local Board's policy and practice. This is testimony which the appellant curiously urges was erroneously admitted citing Lenhard v. United States, 405 U.S. 1013, 92 S.Ct. 1296, 31 L.Ed.2d 477 (1972), which vacated our affirmance of Lenhard's conviction, 455 F.2d 1406 (2d Cir. 1971),[5] and remanded

---

3. Congress in the 1971 amendments to the Selective Service Act of 1967 (Act of Sept. 28, 1971, Pub.L.No.92–129, 85 Stat. 348) provided that "[i]n the event of a decision adverse to the claim of a registrant, the local or appeal board making such decision shall, upon request, furnish to such registrant a brief written statement of the reasons for its decision." (50 U.S.C. App. § 471a(b)(4)). This section however, does not by its terms, purport to be retroactive. As we noted in United States ex rel. Checkman v. Laird, 2 Cir., 469 F. 2d 773 (1972), "it is arguable" that a local board's statement of reasons was required prior to the 1971 amendments, see

also Fein v. Selective Serv. Sys., 405 U.S. 365, 380–381, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972); but we did not indicate that the argument would have equal force with regard to an appeal board, when the local board has given reasons.

4. See generally, Clay v. United States, 403 U.S. 698, 704–705, 91 S.Ct. 2068, 29 L.Ed. 2d 810 (1971).

5. This Court first considered the *Lenhard* case in 437 F.2d 936 (1970). There, noting that neither the Local Board nor the State Appeal Board had given any explanation for their denial of the C.O. clas-

the case for our consideration of points raised in the memorandum of the Solicitor General; those points have no application here. In *Lenhard* the local board had dismissed a claim of conscientious objection without stating reasons. Thus there was no opportunity to rebut the local board's position on appeal—there was no opportunity for a meaningful administrative review. Here there is no question of the reasons for the Board's decision. Whether or not Edwards' testimony was properly admissible, no prejudice is established by the defendant. In fact, Edwards had no independent recollection of Orr's case and could only testify as to general procedures of the Board.

Having considered all of the arguments made on this appeal, we affirm.

sification, we remanded the case to the district court to allow the government to show the reasons upon which the Board had acted. In view of new testimony by Local Board members that they had found Lenhard's claim insincere, the district court reinstated the conviction and sentence, and we affirmed without opinion (455 F.2d 1406 (1971)). On remand from the Supreme Court's vacature of judgment (405 U.S. 1013, 92 S.Ct. 1296, 31 L.Ed.2d 477 (1972)) we reversed Lenhard's conviction. 461 F.2d 1268 (1972).